50761. BARNHILL et al. v. THE STATE.

CLARK, Judge.

Appellants Barnhill and Rose were indicted with four other persons on a robbery charge. Two of the six persons

---

entered guilty pleas. The other four were tried jointly before a jury and found guilty. Following the trial court's denial of their motions for a new trial, Barnhill and Rose, two of the four who were convicted, have taken this appeal.

Witnesses for the state testified to the following occurrences: On April 6, 1974, the victim was walking from a tavern toward her automobile located a block away, when a vehicle suddenly stopped beside her. In the car were six persons, three of whom were female and three, including the two appellants, were male. One of the occupants suggested that the victim ride with them; after refusing this offer, she was forcibly pulled into the car. Two of the female occupants began to beat her while one of the men held her. The driver turned the car into an alley, where each of the six persons beat and kicked her. The victim's clothing was stripped, her jewelry was removed, and her purse was taken from her. The assailants then departed in their car, leaving the victim bleeding in the alley. The victim sought help from a nearby apartment building resident, who called the police. Although the victim was too badly injured to provide information, the police were alerted to a similar beating a block away. Witnesses of the latter occurrence gave the police a description of the participants and their car. Five persons were arrested in their vehicle, which contained the victim's wallet, keys and shoes. The remaining defendant (Barnhill) was implicated in the robbery by his cohorts and was subsequently apprehended.

At trial, the two appellants were positively identified by the victim, and both admitted their presence in the vehicle. They asserted, however, that the victim voluntarily entered the car, that a fight ensued between the victim and the two women participants not on trial, and that they knew nothing about the alleged robbery. *Held:*

1. Since the state's evidence was more than sufficient to warrant the verdict, the general grounds, raised by appellants in their motions for a new trial, are without merit.

2. Error is enumerated upon that portion of the charge concerning the law of conspiracy. The state's

evidence showed a common scheme of the defendants to force the victim into their car, to take her into an alley, to beat her, and to steal her possessions. A charge on the applicable law of conspiracy was neither unduly cumulative, nor unauthorized by the evidence. *Daniels v. State,* 58 Ga. App. 599 (199 SE 572); *Cummings v. State,* 127 Ga. App. 695 (194 SE2d 629); *Jones v. State,* 129 Ga. App. 54 (198 SE2d 884).

3. Error is assigned upon that portion of the charge in which the court explained to the jury the bifurcated trial procedure then in force under Code Ann. § 27-2534 (now repealed by Acts 1974, pp. 352, 355). This instruction was not only proper, but also mandatory. See *McRoy v. State,* 131 Ga. App. 307, 309 (205 SE2d 445), wherein this court held that the omission of such a charge constituted error. Sub judice, the trial court properly explained to the jury the bifurcated trial proceeding in its entirety.

4. Within his charge to the jury, the trial judge made the following statements:"Ladies and Gentlemen,I would like to point out to you as you have heard in the case that Cheryl Joyce McKenzie and Janet Lee Richmond who are named in this indictment are not being tried. The other four defendants named are the ones that are being tried. In other words, Miss McKenzie and Miss Richmond *have already entered pleas."* (Emphasis supplied.) Appellants assert that this language "raises the inference of guilt by association and is certainly prejudicial to the appellants thus denying them a fair and impartial trial."

Had the remarks of the trial judge been the only reference to the co-indictees, we might agree that the reference to their guilty pleas would constitute prejudicial error. During this trial, however, the appellants attempted to show their innocence by throwing the guilt for the crime solely upon these two persons.

As a part of direct examination of appellant Rose, defense counsel elicited the following testimony: "A. . . the next thing I knew, Janet and Cheryl was pulling the woman out of the car. I couldn't say exactly which woman was pulling them out, but they was both in the front seat. They was both out of the car and Mrs. Coppage and they were pulling her out. Q. Janet and Cheryl are the two that

are not on trial today, is that correct? A. Yes, sir. Q. And they the two young ladies sitting back here in court? A. Yes, sir. Q. Just where they were sitting yesterday? A. That's right. Q. You say they were the ones that pulled Mrs. Coppage out of the car? A. Yes, sir. Q. All right. At the time they pulled her out of the car, what happened then? A. I don't know. I was never out of the car." (T. 166-167).

Nearly identical testimony was elicited from appellant Barnhill and from the other defendants. In addition, defense counsel asked the following question: "Mr. Barnhill, were you in court yesterday when these other two young ladies, Janet and Cheryl, I believe entered a plea of guilty to robbing this woman?" (T. 207).

At trial, appellants attempted to show that the alleged crime was committed solely by the two female participants. Appellants' able counsel elicited testimony tending to prove the guilt of the two women and, in so doing, brought to the jury's attention the guilty pleas entered by these women. Under these circumstances, the instruction, designed to separate the four defendants from the two participants not being tried, was not erroneous. Since the jury had already been informed of the women's pleas, we cannot say that the court's reference to this fact constituted error.

In addition, the language of the court was not shown to have been prejudicial to appellants. The guilt of the two women formed the basis of appellant's assertion of innocence and was stressed throughout the trial by defense counsel. Under these circumstances, the court's reference to the guilty pleas could not have been harmful to appellants' defense.

Before a new trial will be granted, appellants must show injury as well as error. *Goodwyne v. State,* 38 Ga. App. 183 (8) (143 SE 443). Here they have shown neither. This enumeration is therefore without merit.

5. The remaining enumerations of error attacked portions of the court's charge as being misleading and confusing and thereby prejudicial. When the charge is read as a whole rather than in disjointed fragments, it is found to be both fair and complete. Accordingly there is no merit to these assignments.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted May 28, 1975 — Decided September 3, 1975.

*K. Reid Berglund,* for appellants.
*Lewis R. Slaton, District Attorney, Joesph Drolet, Isaac Jenrette, Carole E. Wall, Assistant District Attorneys,* for appellee.