53602. HARRIS v. THE STATE.

MARSHALL, Judge.

Appellant Harris was indicted, tried and convicted by jury of the offenses of aggravated sodomy and simple

battery. He was sentenced to serve 20 years for the sodomy offense followed by one-year probation for the battery. Harris enumerates eight errors. *Held:*

1. As his first enumeration of error, Harris complains that the trial judge's recharge, after only two hours of deliberation, in the language of the so-called "Allen" or "dynamite" charge subjected him to a coerced verdict. A charge almost identical to that in the instant case and given under similar circumstances, was approved by our Supreme Court in the case of *Gambo v. Dugas & Son,* 145 Ga. 614 (89 SE 679) (1916). The trial judge in this case was careful to point out to the jurors that they should not surrender their conscientious convictions. We find no error in the charge by the trial judge under the circumstances. See *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78) (1972).

2. In his second enumeration of error, the appellant avers that the evidence did not raise an issue of intoxication, therefore the trial judge erred in giving an instruction on that subject. There was evidence that at the time of his arrest, the appellant appeared to have been drinking, and the arresting officer could smell the odor of alcohol about Harris. From this evidence, the judge was authorized to instruct the jury on the subject of intoxication. *Daniel v. State,* 171 Ga. 335 (155 SE 478) (1930); *Page v. State,* 120 Ga. App. 709 (172 SE2d 207) (1969); *Smith v. State,* 24 Ga. App. 654 (101 SE 764) (1920). This enumeration is without merit.

3. In his third enumeration of error, the appellant contends that the trial judge erred in denying his motion for a continuance based upon the absence of an essential defense witness. The appellant alleged that the missing witness would establish that Harris was not the culprit. Upon his motion for continuance, the appellant admitted that he did not know where the missing witness was, made no indication as to how long the witness might be gone, and failed to show that the witness was not absent at his own instigation.

In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he resides within 100 miles of where the case is

pending; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects he will be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such witness; and must state the facts expected to be proved by such absent witness. Code § 81-1410. *Orr v. State,* 63 Ga. App. 352 (11 SE2d 102) (1940). A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. *Corbin v. State,* 212 Ga. 231 (1) (91 SE2d 764) (1956). Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion. *Scoggins v. State,* 98 Ga. App. 360 (106 SE2d 39) (1958). In this case, Harris failed to establish by any evidence that he would ever be able to obtain the whereabouts of the missing witness, whether the witness was within 100 miles of the court, or that the witness was not absent with Harris' permission. Considering these deficiencies, the trial judge did not abuse his discretion in denying the motion for continuance. *Jones v. State,* 135 Ga. App. 893 (219 SE2d 585) (1975); *Wheeless v. State,* 66 Ga. App. 60 (17 SE2d 190) (1941).

4. In enumeration of error four, the appellant contends that the trial judge erred in failing to grant a new trial. The basis of this error is an assertion by Harris that a witness for the state stated at the trial that he had tried to locate the defense's missing witness without success, when in fact the officer had misrepresented the facts in that he either had not looked at all for the witness or not very diligently. Contrary to the assertion of the appellant, the officer testified that he had searched as best he could based upon the instructions furnished by the appellant as to the possible whereabouts of the witness, but to no avail. More importantly, the appellant does not contend that a more diligent search would have revealed the witness and made him available. The rule is well established that to warrant a new trial, the appellant must show harm as well as error. *Barnhill v. State,* 135

Ga. App. 654 (218 SE2d 663) (1975); *Brooks v. State,* 125 Ga. App. 867 (189 SE2d 448) (1972). The appellant not having shown how he had been injured by the lack of more diligent search, it was not error for the trial judge to deny the motion for a new trial.

5. In enumeration of error 5, the appellant contends that the trial judge erred in refusing to appoint a defense psychiatrist in view of the appellant's indigency. Under the decision of our Supreme Court in *Taylor v. State,* 229 Ga. 536 (192 SE2d 249) (1972) and cits., the refusal to provide a psychiatric examination of the defendant was not error. There was no special plea of insanity filed in the instant case, and under such circumstances the granting of the motion for a psychiatric examination is within the sound discretion of the trial judge. *Holsey v. State,* 235 Ga. 270 (219 SE2d 374) (1975) and cits.

6. In the sixth enumeration of error, Harris argues that the trial judge erred in allowing to testify, over objection, a witness who was known from the beginning to be a witness possessing information, but was not on the state's list of witnesses. The prosecuting attorney stated in his place that he had not known about the witness until shortly before the witness testified. The defendant's counsel was given an opportunity to interview the witness. The appellant argues that the officers who originally investigated the case knew about this witness and that their knowledge was imputable to the prosecuting attorney. There is no merit in this contention. In *Evans v. State,* 227 Ga. 571 (3) (181 SE2d 845) (1971), it was held that the knowledge of police officers, who knew about the two witnesses shortly after the crime because of their investigation of the case, was not imputable to the district attorney. See *Scott v. State,* 230 Ga. 413, 414 (197 SE2d 338) (1973); *Yeomans v. State,* 229 Ga. 488 (2) (192 SE2d 362) (1972). Further, there is an excusable exception to the requirement to furnish a defendant the name of a witness where the prosecuting attorney states in his place that the witness has only recently come to his attention and compliance with prior notification was not possible. *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545) (1970); *Stanley v. State,* 136 Ga. App. 385 (1) (221 SE2d 242) (1975). This enumeration is without merit.

7. In his seventh enumeration of error, the appellant complains that it was error for the judge to admit a comb containing particles of hair that were not directly connected to him. The comb and hairs could have belonged to the appellant as well as to anyone else. The testimony placed the comb along a path allegedly taken by the appellant. The principal defense was a question of identity.

Questions of the relevancy of evidence are for the court. *Hotchkiss v. Newton,* 10 Ga. 560 (1851). When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. *Walker v. Roberts,* 20 Ga. 15 (1) (1856); *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860) (1937). That the testimony objected to falls short of proving the fact sought to be established, is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. *Livingston v. Barnett,* 193 Ga. 640 (3a) (19 SE2d 385) (1942). As was further stated in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643) (1944): "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." The evidence here objected to was admissible as to circumstance from which an inference of identity might fairly and logically be drawn. See *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225) (1951).

8. In his final enumeration of error, the appellant urges that the trial judge erred in denying his plea in abatement. This plea was based upon the failure to grant the appellant a probable cause hearing and a preliminary hearing, and to indict him within 72 hours of incarceration. Upon his arrest, the custodian of the appellant's person was required by law to present him before a committing officer within 72 hours. Notwithstanding this alleged wrong, the courts have ruled that such delay in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence.

*Furman v. State,* 225 Ga. 253 (5) (167 SE2d 628) (1969); *Johnson v. Plunkett,* 215 Ga. 353 (110 SE2d 745) (1959); *Dukes v. State,* 109 Ga. App. 825 (1) (137 SE2d 532) (1964); *Blake v. State,* 109 Ga. App. 636 (2) (137 SE2d 49) (1964). See *Heard v. State,* 126 Ga. App. 62, 64 (189 SE2d 895) (1972). This enumeration likewise is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 3, 1977 — DECIDED APRIL 5, 1977 — REHEARING DENIED APRIL 19, 1977 — 

*Gilberg, Kraselsky & Owens, Larry B. Owens,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.