## 58595. BROWN v. THE STATE.

DEEN, Chief Judge.

Rickie Lee Brown was indicted for armed robbery and theft by receiving stolen property, waived a jury trial, was tried before a judge sitting without a jury, and was found guilty of armed robbery and not guilty of theft by receiving stolen property.

1. The trial court did not err in denying appellant's motion for a continuance. He asked for a continuance contending that his attorney had had insufficient time to prepare for trial. Appellant's attorney contradicted this statement and described to the court his pretrial preparation. This statement was confirmed by the assistant district attorney who stated that five days prior to trial counsel spent some time going over the entire file on this case in his office and made extensive notes. There is no evidence to show that the trial court abused its discretion in denying the motion. See *Harris v. State,* 142 Ga. App. 37 (234 SE2d 798) (1977). Clearly, this motion was a mere dilatory tactic as disapproved in *Hendrix v. State,* 145 Ga. App. 170 (243 SE2d 112) (1978), and in such a situation it is not improper for the trial court to deny a motion for a continuance.

2. The trial court did not err in admitting state's Exhibit 10, a stocking mask found underneath the passenger's seat in the wrecked automobile in which appellant was riding prior to his arrest. While one of the witnesses identified only one stocking mask (Exhibit 11), the evidence showed that two men wearing stocking masks robbed the bank, that the witness saw only one of the men wearing the mask and saw only the legs and feet of the other, that appellant was riding on the passenger side of the automobile, and that the mask was found under the passenger's seat. Any evidence which tends to prove or disprove a material fact which is at issue in the case is relevant and is ". . . admissible as to circumstance from which an inference of identity might fairly and logically be drawn." *Harris v. State,* 142 Ga. App. 37, 41, supra.

3. The trial court did not err in admitting appellant's waiver of counsel form and confession. The testimony of

the police officers contradicted appellant's assertion that he was too intoxicated to understand what he was doing. The trial court examined all of the circumstances surrounding the signing of the waiver of counsel form and the making of the statement. We have examined this testimony and find that the trial court did not err in ruling that the confession was freely and voluntarily made after appellant was advised of his constitutional rights. See *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703) (1976).

4. Appellant's assertion of the general ground is without merit. After review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia— U.S. —, (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED OCTOBER 31, 1979.

*Robert M. Coker,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.