62248. NEELY et al. v. THE STATE.

DEEN, Presiding Judge.

Reginald Petty was convicted of armed robbery, rape and aggravated sodomy. Philip Neely was found guilty of rape and aggravated sodomy. Appeal is brought following the denial of their motion for a new trial.

1. The trial court did not err in overruling the motion to suppress. The defendants contend that the apartment was searched before the police officers obtained a search warrant. The victim had informed the officer that she would go with him and try to find the apartment where she had been taken by the two men and where the attack occurred. After about two hours, she located the apartment which had a broken window which she claimed that she broke while trying to escape from the men. The officer called for a backup unit because the men were reported to be armed with a pistol. When the officer knocked on the door, defendant Neely opened it and let the officers into the room where Petty was discovered asleep on the floor with the loaded pistol. The men were arrested and the police officer testified that no search was made at that time, but was made after a search warrant was obtained.

As Petty did not live in the apartment or pay any rent, but was merely an overnight guest, he has no standing to complain of the search. *Fears v. State,* 152 Ga. App. 817 (264 SE2d 284) (1979). While the defendants' witnesses claimed that a search was made immediately after the officers entered the apartment, the police officer's testimony persuaded the trial judge that the search was conducted only after the search warrant was obtained. The trial court determines the credibility of the witnesses at the motion on the

hearing and his findings of fact will not be disturbed on appeal. *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979).

2. The record shows that the defendants filed an "omnibus motion," which included a motion to produce, the day before trial seeking to discover everything that was contained in the police department's and district attorney's files, including a special request for the statements made by the victim and Detective Barnes. At a hearing on the motion shortly before trial began, they received a copy of the indictment, and a list of the witnesses. The assistant district attorney also agreed to provide the defendants' statements, laboratory reports, a list of the physical evidence and agreed to let counsel examine it. The court inquired as to whether there was any material or statements in the file which had not been disclosed or any exculpatory material. The district attorney replied that he had nothing favorable or exculpatory. The court then instructed him to deliver any information that would fall under the Brady requirements to the defendants during the trial. Although the defendants had requested the court to make an in camera inspection, it was refused because the court said it would not know what was exculpatory because of its unfamiliarity with the case. The record shows, however, that the court made every effort to determine if the state's file contained any exculpatory material and no objection was made to the above ruling.

Twenty months after trial, the defendants requested that the state's file be preserved for review and filed a motion for a new trial. The trial court denied the motion and ordered that the statements of Detective Barnes and the victim, which had not been turned over to the defendants at trial, be included in the record on appeal.

The defendants now contend that the victim gave a statement shortly after her outcry which omitted any mention of sodomy. The state denies any knowledge of such a statement and the one included in the record is dated the day after the attack and she states that she had been sodomized. The detective's statement also given the day after the attack reports that she had been sodomized. At trial, she admitted she reported that she had been raped, but failed to report to the doctor that she had been sodomized because she "was scared."

The defendants do not claim that anything exculpatory is to be found in these two written statements, but rather that the victim's failure to report that she had been sodomized should have been made available to them. As this information was given by the victim's testimony at trial and no one has any recollection of this omission in a statement given by her, we fail to see how the defendants were materially prejudiced. The defendant bears the burden of showing that the withheld evidence " 'so impaired his defense that he was

denied a fair trial within the meaning of the Brady rule.' " *Potts v. State,* 241 Ga. 67, 74 (243 SE2d 510) (1978); *Tribble v. State,* 248 Ga. 274 (1981). The *Tribble* case distinguishes between the duty of the prosecution to provide exculpatory material to the defendant and the duty of the trial court to conduct an in camera inspection and holds that ". . . a trial court is not required to conduct an in camera inspection of the state's file in connection with a 'general' Brady motion unless, after the state has made its response to the motion, the defense makes a request for such an inspection. [Cits.]" Id. at p. 275. This same rule also applies to a "specific" Brady motion. A conviction, however, will not be reversed solely because the trial court failed to conduct such an inspection. "Assuming material information has not been wrongfully withheld, 'this error . . . [generally] could be cured by post-trial examination . . .' *Rini v. State,* 235 Ga. 60, 65 (218 SE2d 811) (1975)." Id., at p. 276. As an examination of the two statements reveals nothing exculpatory to the defendants, this enumeration is without merit.

3. The trial court did not place undue emphasis upon the charge of rape in charging and recharging the jury. The only repetition of the definition of rape came when the court was explaining the consent defense. As counsel for Neely stated he had no exceptions to the charge, he has waived any claim of error. *Johnson v. State,* 156 Ga. App. 411 (274 SE2d 778) (1980).

After beginning their deliberations, the jury returned to the courtroom and asked the court if the crime of rape included aggravated sodomy. The court recharged the definitions of rape and aggravated sodomy and instructed the jury to consider the entire charge. In response to the court's inquiry as to objection to the recharge, the defendants had none. These enumerations are without merit.

4. As no objection was made to the trial court's questioning a witness at length, there is nothing for this court to review on appeal. It is well established that the court is permitted to question witnesses at length and to ask them leading questions. *Mitchell v. State,* 157 Ga. App. 146 (276 SE2d 658) (1981); *Dyer v. State,* 155 Ga. App. 705 (274 SE2d 162) (1980).

5. Petty contends that he was deluded into foregoing an argument in mitigation of sentence because the trial court promised to order a presentence investigation for him. The record shows that counsel argues that because of his client's age (almost 23) that the court consider a presentence investigation and possibility of youthful offender treatment and concluded, "That is all I have on that." The trial court then went on to other matters. There is no merit in this enumeration.

6. The verdict is amply supported by the evidence. The victim testified that she was in Atlanta attending a convention when she met the defendants at a party given at her hotel. The defendants offered to take her out to eat and to a disco. Instead, they took her to an apartment where they threatened her with a gun, robbed her of $125 in cash and certain items of jewelry, tied her up, raped and sodomized her. After her release, she made an immediate outcry to a passerby and a police officer. The defendants admitted that they met her at the party but claimed that they took her to the apartment to smoke marijuana and take other drugs. Petty admitted having both vaginal and oral sex with her, but claimed that she consented. Credibility of the witnesses is a question for the jury. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). From the evidence produced at trial, a rational trier of fact could find the defendants guilty beyond a reasonable doubt. *Brown v. State,* 152 Ga. App. 144 (262 SE2d 510) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 9, 1981 —
REHEARING DENIED SEPTEMBER 29, 1981.

*Stanley H. Nylen, Michael C. Ford,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Hayes, Margaret V. Lines, Assistant District Attorneys,* for appellee.

