A97A1219. FREDERICK v. THE STATE.
(487 SE2d 107)

ELDRIDGE, Judge.

Appellant Timothy Frederick appeals from a Dawson County jury's verdict finding him guilty of armed robbery, aggravated assault, and burglary. Without challenging the sufficiency of the evidence against him, appellant makes two legal arguments in support

---

of reversal on the armed robbery and aggravated assault offenses: (1) the trial court erred in denying his motion to suppress based on an illegal search of the cabin in which appellant was staying; and (2) appellant claims as error the trial court's refusal to allow appellant to apprise the jury of the ten-year minimum mandatory sentence for armed robbery, either through his own testimony or through the testimony of his co-defendant. We disagree with both contentions and affirm appellant's conviction.

1. There was no error in denying appellant's motion to suppress evidence based on a warrantless search of the cabin in which appellant was staying.

For approximately a week and a half, appellant had been staying in a cabin with his two co-defendants, Jeremy Gunn and Dominique Lyda. The cabin belonged to the parents of co-defendant Gunn; they lived in another cabin a few yards away. The record demonstrates that prior to the search at issue, two Dawson County deputy sheriffs awoke Mr. and Mrs. Gunn and informed them that their son Jeremy, Lyda, and appellant had been implicated in an armed robbery that occurred two hours earlier; the Gunns cooperated with the officers and accompanied them to the cabin in which the men were staying; the Gunns did not protest the entry and search of the cabin, insisting that "[i]f he [Gunn] did it he needs to go to jail" and "if the boys had done anything like that, go on in and get them, they don't need to be here." Further, at the motion to suppress, the Gunns were not called to contest the consent they had given on the night of the search. "A warrantless search of a residence may be authorized by the consent of any person who possesses . . . a sufficient relationship to the premises to be [inspected]. *United States v. Matlock*, 415 U. S. 164 (194 SC 988, 39 LE2d 242) (1974); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977)." *Smith v. State*, 264 Ga. 87 (2), 88 (441 SE2d 241) (1994). As the consent came from the owners of the property that was searched, the warrantless search was proper.

Further, one of the touchstones of Fourth Amendment analysis is whether a person has "a possessory interest in the items seized; and whether he took normal precautions to maintain the privacy and security of the items seized." *Sims v. State*, 251 Ga. 877, 882 (6) (311 SE2d 161) (1984). However, in the case sub judice, no items were actually seized. At one point, co-defendant Lyda voluntarily gave an officer his jacket which contained money from the armed robbery and less than an ounce of marijuana; however, the record shows that these items were not seized pursuant to a search of the cabin by the police, and appellant would not have standing to challenge the search of his co-defendant's coat, in any event. *Sims*, supra; *Neely v. State*, 159 Ga. App. 737 (285 SE2d 190) (1981).

In fact, a review of the record demonstrates to this Court that

the search of the cabin apparently uncovered absolutely nothing at all pertaining to the offenses for which appellant was convicted. What is more, appellant appears to be equally in the dark as, other than his bare assertion that he desires the suppression of "any object, article, thing, statement, or other evidence gained [as] a result of the warrantless search" of the cabin, appellant has not apprised this Court of what these unidentified items might be. At trial, the State introduced no evidence obtained pursuant to a search of the cabin, and certainly, no nexus has been established between the search of the cabin and any subsequent statement made by appellant to the police so as to apply a "fruit of the poisonous tree" rule.[1] *Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). Accordingly, with no identified items seized pursuant to a search of the cabin, and thus, no required possessory interest therein, the trial court correctly denied appellant's motion to suppress. "A trial court's ruling will be affirmed if it is right for any reason." *Stovall v. State*, 216 Ga. App. 138, 139 (1) (453 SE2d 110) (1995).[2]

2. Appellant contends that the trial court erred by refusing to allow him to present evidence concerning the mandatory sentence to be imposed for an armed robbery conviction; appellant asserts that this evidence was necessary in order to "educate the jury on the potential 10-year mandatory sentence facing the Appellant[,]" since it is "unconscionable that a jury faced with these crimes is not made aware of the serious nature of the crimes and the punishment associated with this [sic] crimes."

Such evidence concerning punishment is inadmissible as it may "divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict." (Citations and punctuation omitted.) *Rivers v. State*, 265 Ga. 694, 697 (6) (461 SE2d 205) (1995); *Calhoun v. State*, 213 Ga. App. 375 (444 SE2d 405) (1994). The consequences of a verdict are irrelevant to a determination of guilt or innocence. *Camp v. State*, 250 Ga. 228 (297 SE2d 26) (1982). The trial court's ruling was correct.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

---

[1] Herein, appellant challenges neither the legality of his arrest nor the voluntary nature of any statement to the police.

[2] The trial court denied appellant's motion to suppress on the basis of a challenge to appellant's warrantless *arrest*, a challenge not repeated before this Court. An additional challenge to the search of the cabin was buried within the hotly debated issue of the existence of "exigent circumstances" surrounding the warrantless arrest.

DECIDED MAY 22, 1997.
Before Judge Girardeau.

*William A. Maddox*, for appellant.

*Lydia J. Sartain, District Attorney, Jessica K. Moss, Assistant District Attorney*, for appellee.