## 26235. ANDREWS *v.* THE STATE.

MacINTYRE, J. 1. The testimony as to the manner in which the "number game" (lottery) was operated was properly admitted, although the witnesses may have stated that they had no actual experience but had obtained their information from others. *Crawford* v. *State,* 49 *Ga. App.* 801 (3) (176 S. E. 92). A "number game" has been fully described in *Outcliff* v. *State,* 51 *Ga. App.* 40 (179 S. E. 568), and other cases. See also *Moore* v. *State,* 54 *Ga. App.* 218, 220 (187 S. E. 595). And we do not deem it necessary to state at length the evidence describing it in the instant case.

2. The paper ribbons which the State's witness testified were "lottery ribbons" were not subject to the objection that they were not properly identified as a part of the lottery game, or to the objection that it was a conclusion of the witness that the ribbons were used in this game.

3. The material facts as stated by the witness warranted the inference that he had sufficient knowledge to form an opinion that the defendant was a "pick-up" man in contradistinction to a "writer-up" man; and he could so testify. The conclusion of the witness arose from his own personal observation of the facts, to wit, what he saw the defendant do, and the articles or paraphernalia that he saw the defendant handling, relative to the "number game." This witness could thus testify under the same rule of law that a person, because of what he saw the engineer do with reference to the engine, might be warranted in swearing to the fact that a certain one of the men handling a railroad-engine was a member of the train-crew, and was the engineer and not the fireman. Wharton on Criminal Evidence (10th ed.), 959.

4. The evidence authorized the verdict. The remaining assignments of error are without merit. The court did not err in overruling the certiorari. *Hughes* v. *State*, 52 *Ga. App.* 199 (182 S. E. 807); *Sable* v. *State*, 48 *Ga. App.* 174, 176 (172 S. E. 236); *Miller* v. *State*, 48 *Ga. App.* 786, 788 (173 S. E. 491).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED JUNE 17, 1937.

*Giles & Hall, Lillie Scheck,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.