## 31449.   GRAGG *v*. THE STATE.

DECIDED JANUARY 28, 1947.

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, Durwood T. Pye,* and *Hoke Smith,* contra.

MacIntyre, J. ■ The defendant contends that the trial judge erred in denying his motion for a new trial, based on the general grounds, assigns such ruling as error, and says that it is contrary to law. He insists that the testimony does not show that he intended to rape the prosecutrix; and contends that he intended to use every effort to persuade her to have sexual intercourse with him, but intended to go no further if she would not yield without force.

"In order to authorize a conviction for the offense of assault with intent to rape, the evidence must show beyond all reasonable doubt, (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female. If any of these three elements is lacking, the offense is not made out." *Davis v. State,* 46 *Ga. App.* 732, 733 (169 S. E. 203). An assault is an attempt to commit a violent injury on the person of another. Code, § 26-1401. Do the facts in this case show an assault? We think that the testimony of the prosecutrix showed this beyond a reasonable doubt. She testified: "After he stopped the car in the woods, he started trying to put his arms around me and I was so scared I didn't know what to do, and he asked me why my lips were trembling and I told him I didn't know. . . He tried to put his hands up here and then on my privates. He tried to put his hands inside of my clothes. I fought him. He cursed me several times. He tried to put his hands under my dress. He found out he wasn't getting anywhere and he started slapping me on my face."

From a mere reading of the record it is obvious that the defendant, as conceded by counsel for the defendant, intended to have carnal knowledge of the prosecutrix. The only question for determination, therefore, is whether or not the defendant had in mind a purpose to carry into effect this intent with force and against the consent of the prosecutrix.

It is not necessary for the State to show that the defendant ex-

pressed in so many words an intent to have carnal knowledge, and a purpose to carry into effect this intent with force and against the consent of the prosecutrix, to enable the jury to arrive at the fact that he so intended. The intention may be gathered from the circumstances of the case as proved. *Davis* v. *State,* supra; *Jackson* v. *State,* 91 *Ga.* 322 (18 S. E. 132, 44 Am. St. R. 25). In seeking the motives of human conduct, the jury need not stop where the proof ceases; inferences and deductions from human conduct are proper to be considered where they flow naturally from the facts proved. *Ware* v. *State,* 67 *Ga.* 349, 352. "It is a principle found in many decisions, and in the elementary books, that a person may be guilty of this offense, though the intent afterwards subsides and he desists from his purpose, especially if he so desists from fright at being detected, or from inability to accomplish his purpose." *Sharpe* v. *State,* 48 *Ga.* 16, 21.

The defendant contends that the evidence does not show with greater certainty that he intended to have carnal knowledge of the female forcibly and against her will, than that the handling of the female's person was merely for the purpose of persuading or inducing her to consent. With this contention we can not agree, for we think that the evidence authorizes a finding that the defendant's handling of the female's person was not only a rude assault but was made with actual force and violence, and that his striking and slapping of the female, seizing her and bringing her back to the car when she attempted to escape, were inconsistent with the theory that his assaults were made with the intent to procure her consent; but were consistent with the theory that it was his intention to accomplish his purpose by force and against her will. In addition, the statement of the defendant to Officer Elzey, who had come to the vicinity of the occurrence in response to a phone call made at the request of the female, to the effect that he had not tried to rape the young woman, which statement was made before the defendant had been advised of the female's claim of his assault with intent to rape upon her, was a circumstance which the jury might have taken into consideration.

The cases cited in the brief of the plaintiff in error are clearly distinguishable by their particular facts from the instant case.

The record discloses that the evidence for the State was sufficient to support the verdict; and the jury being the judges of the weight

of the evidence, this court can not disturb the judgment refusing a new trial. *Puckett* v. *State,* 159 *Ga.* 230 (125 S. E. 208).

"The law allows him [the trial judge] to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial." *Smith* v. *State,* 91 *Ga.* 188 (17 S. E. 68).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*