21463.   CURRY et al. v. CONSTRUCTION & GENERAL LABORERS UNION LOCAL NO. 438, AFL-CIO.

HEAD, Presiding Justice.  The decision and judgment of this court in *Curry v. Construction & General Laborers Union Local No. 438, AFL-CIO*, 217 Ga. 512 (123 SE2d 653), was entered on January 4, 1962.  No motion for rehearing was filed by counsel for the Union.  The remittitur of this court was transmitted to the trial court on January 16, 1962, and the judgment of this court was made the judgment of the trial court on January 29, 1962.  There was no application to this court for a stay of its judgment and the record does not disclose that any application for a stay of this court's judgment was made and granted by the Supreme Court of the United States (see 28 U.S.C.A. § 2101 (f)); nor was any application for a stay made to the trial court (see Filardo v. Foley Bros. Inc., 78 NYS.2d 689).  On April 3, 1962, application for certiorari to review the judgment of this court was filed in the Supreme Court of the United States.  This application for certiorari was granted on May 21, 1962.  On January 21, 1963, the Supreme Court of the United States reversed the judgment of this court.  The opinion of the Supreme Court points out that the judgment of this court had been "entered upon the minutes of the trial court and made the judgment of that court."  Local No. 438 Construction & General Laborers' Union, AFL-CIO v. Curry, 371 U. S. 542 (83 SC 531, 9 LE2d 514).  Under prior decisions of this court, its jurisdiction terminated when its judgment was made the judgment of the trial court. *Seaboard Air-Line Railway v. Jones*, 119 Ga. 907 (47 SE 320); *Byrd v. Clark*, 170 Ga. 912 (154 SE 881). Counsel for the labor union having failed to seek and procure

a stay of this court's judgment under the applicable rules of law, the union is bound by the full-bench decisions of this court (having the force and effect of statutory law until reviewed and overruled in the manner provided by law, *Hagan v. Asa G. Candler, Inc.*, 189 Ga. 250, 258 (5 SE2d 739, 126 ALR 108) and cases cited; *Albany Federal Savings & Loan Assn. v. Henderson*, 198 Ga. 116, 133 (31 SE2d 20); *Rivers v. Cole Corp.*, 209 Ga. 406, 408 (73 SE2d 196)); which preclude any further judgment by this court in the present case. The reversal by the Supreme Court of the United States of this court's judgment in the present case requires transmission by the clerk of this court to the trial court of a duly certified copy of the mandate issued by the Supreme Court of the United States, in order that the direction given by that court may be made effective in the trial court. It is so ordered.

*All the Justices concur.*

DECIDED MAY 29, 1963.

*Perry, Walters & Langstaff*, for plaintiffs in error.
*Poole, Pearce & Hall, John S. Patton, Wm. B. Paul*, contra.