392 P.2d 419

**Katherine McMillen WOODSON and Sheila Rodey Faust, Plaintiffs-Appellees,**

**v.**

**Floyd W. LEE and Fernandez Company, a corporation, Defendants-Appellants.**

**No. 7277.**

Supreme Court of New Mexico.

May 18, 1964.

Modrall, Seymour, Sperling, Roehl & Harris, Marron & Houk, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellees.

PER CURIAM.

*Upon motion to recall the mandate issued herein pursuant to our opinion filed October 14, 1963, and appearing in 73 N.M. 425, 389 P.2d 196, we are asked to rule whether interest should run from the date of entry of the judgment on the mandate or from the date of filing of the original judgment, April 24, 1962.*

The original judgment was entered in favor of plaintiffs in the amount of $29,-440.32. An appeal was taken. We determined that error had been committed and that the judgment was in effect wrong as to all amounts in excess of $9,910.72. In our opinion we stated "that the judgment appealed from is reversed, and the cause remanded with instructions to enter judg-

ment for plaintiffs in accord * * *" with the opinion. The mandate issued pursuant thereto directed the setting aside of the original judgment and entry of judgment in accordance with the opinion. On March 19, 1964, a judgment pursuant to mandate was entered providing that the amounts adjudged in favor of plaintiffs should "bear interest as provided by law."

Supreme Court Rule 17(6) (§ 21–2–1(17) (6), N.M.S.A.1953) provides that mandate shall issue on final disposition of a civil cause, subject to a right to delay its issuance or recall it on a showing of good cause. Under our Rule 18 (§ 21–2–1(18), N.M.S.A.1953), motions for rehearing may be filed within twenty days after an opinion is filed unless a different time is provided. A second motion for rehearing by the same party may be filed only with leave of the court.

▉▉▉ Under our practice, a civil case is considered to be finally disposed of and the mandate issues when time for filing a motion for rehearing has expired without a motion being filed or if a motion is filed, when the same is denied. If a new opinion is filed after motion for rehearing, twenty days are allowed to elapse before mandate is issued, unless an order is entered directing otherwise.

The rules do not provide a time limit for filing a motion to recall a mandate or with-in which to file a second motion for rehearing.

The problem in the instant case is complicated by the fact that before the motion to recall the mandate was filed, the trial court had acted thereon by entry of a judgment pursuant to its instructions as he understood and interpreted the same. We are being called upon to recall the mandate for the purpose of clarifying or amplifying our judgment, whereupon a new mandate would issue.

The general rule is stated in 84 A.L.R. 579, as follows:

"Though the courts are not agreed as to the exact time when an appellate court loses jurisdiction of a case (see 2 R.C.L. p. 265), it may be laid down as a general rule, subject to exceptions subsequently noted, that, after a case has been fairly submitted to an appellate court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment has been properly entered, and the case remanded to the lower court for such action as may be necessary, the appellate court thereafter has no power to reconsider, alter, or modify its decision. To require courts to consider and reconsider cases at the will of litigants would deprive the courts of that stability which is neces-

sary in the administration of justice. * * * "

Does the fact that our rules provide that mandates may be recalled and second motions for rehearing filed in special circumstances require a different result?

■ Although no time within which a mandate may be recalled is prescribed by our rules, it would seem fairly certain that upon mandate having been issued by us and action having been taken thereon in the district court, jurisdiction of this court would be at an end. Nebraska has so held, and we are impressed that the conclusion is supported by reason. State Bank of Beaver Crossing v. Mackley, 118 Neb. 734, 226 N.W. 318; Rehn v. Bingman, 152 Neb. 171, 40 N.W.2d 673. See, also, Curry v. Construction & General Laborers Union Local No. 438, A.F.L.-C.I.O., 219 Ga. 38, 131 S.E.2d 559.

■ We are of the opinion, and hold, that the motion here being considered came too late, and that we have no jurisdiction to resolve the problem presented. We are fully aware that the judgment entered on the mandate leaves unanswered the question of the correct date from which interest should be computed. However, under the circumstances, consideration of the issue must be refused until presented in a proceeding wherein we have jurisdiction.

It follows that the motion is denied.

It is so ordered.