## 53165. HUTCHINS v. THE STATE.

SHULMAN, Judge.

Defendant appeals from his conviction for the offense of burglary. Seven enumerations of error are presented for our review. *Held:*

1. During the trial a witness for the state testified that she believed some goods brought to her by the defendant had been "taken from somebody." The defendant contends that the court erred in permitting this testimony because it invaded the province of the jury. We do not agree. The witness related facts supporting her conclusion and the testimony was permitted for the purpose of explaining her conduct when she contacted the police. Code Ann. §§ 38-302, 38-1708. See *Munsford v. State,* 235 Ga. 38, 42 (218 SE2d 792); *Garner v. State,* 83 Ga. App. 178 (4) (63 SE2d 225); *Andrews v. State,* 56 Ga. App. 12 (3) (192 SE 73). Moreover, counsel for the defendant did not object to the testimony on the grounds that it was a conclusion but rather queried its relevancy. See *Harris v. State,* 69 Ga. App. 872 (27 SE2d 51).

2. The defendant asserts he was prejudiced because the court gave a different charge on recent possession than it had indicated it would give, and that this denied counsel for the defendant the opportunity to make a meaningful closing argument. This contention is without merit. The transcript reveals that the defendant, when asked by the court, did not have written requests to charge. Thereupon the court, in response to the state's inquiry, read the charge on recent possession used in the prior mistrial of the defendant. When pressed by the state the court informed counsel for both sides that it had a charge on recent possession in its "book." At no time did the court mislead defense counsel into believing a particular charge would be given.

3. Furthermore, the charge on recent possession of stolen property as given was a correct statement of the law. *Thomas v. State,* 237 Ga. 690 (2) (229 SE2d 458); *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251); *Aiken v. State,* 226 Ga. 840 (2) (178 SE2d 202).

4. Nor did the charge as given relieve the state from proving the essential element of intent. The charge

clearly and unequivocally placed the burden on the state to prove intent beyond a reasonable doubt. The charge as a whole was complete, accurate and in no way erroneous.

5. The defendant next contends that the court erred in not granting a mistrial when the prosecuting attorney read law to the court in the presence of the jury during his closing. This contention is without merit because Code Ann. § 24-3319 merely proscribes reading to the jury recitals of fact or reasoning from appellate court decisions. See *Wiggins v. State,* 139 Ga. App. 98 (3) (227 SE2d 895).

6. In his sixth enumeration the defendant asserts that the court erred in not granting a mistrial when the prosecuting attorney in his closing argument commented on the failure of the defendant to take the stand. Our review of the transcript convinces us that no such comment was made, either directly or indirectly. The prosecuting attorney, in arguing the law on recent possession of stolen property, merely referred to the failure of the defense to offer evidence in explanation of the defendant's recent possession. This does not constitute an impermissible comment on the defendant's failure to testify. *Mahar v. State,* 137 Ga. App. 116 (1) (223 SE2d 204) and cits.

7. There was sufficient evidence to support the verdict of guilty. Enumeration 7 on the general grounds is without merit.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 7, 1977.

*David Botts,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.