## 57947. BROWNING v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for theft by taking. *Held:*

1. During the presentation of the state's case the prosecuting attorney questioned the arresting officer as follows:

"Q. Did you explain to him his constitutional rights? A. Yes, sir, we did. Q. And after that did you arrest him? A. Yes, sir. Q. Did he make any statement during this time why the chickens were in the car? A. No. Q. Did he make any statement in your presence at any time during the time he was in your custody? A. No. Q. He neither denied having the chickens or not? A. No, sir." The attorney for defendant objected and moved for a mistrial; the trial judge overruled the objection.

Subsequently in arguing before the jury the prosecuting attorney stated "Now ladies and gentlemen,

don't you know that if I didn't have those chickens and if I had paid for those chickens that I would present it to this court and this jury, a copy of the receipt or the invoice paying for those chickens and I would have told the officer that I got the chickens. If he had done that this case wouldn't have been in court today." Again objection was interposed and a motion for mistrial was made. This was overruled and error assigned.

In *Hall v. State,* 138 Ga. App. 20 (3) (225 SE2d 705) this court held: "Evidence as to silence on the part of the defendant at the time of his arrest should be excluded when objected to. He is entitled to remain silent, and the prosecution may not use against him the fact that he stood mute." In this case the prosecuting attorney elicited the fact that the defendant chose to remain silent and then argued this fact as a basis for his guilt. This was harmful error, requiring a new trial.

2. The remaining enumerations of error are without merit.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JUNE 11, 1979 — DECIDED JUNE 26, 1979.

*Johnson & Robinson, LeRoy W. Robinson, Jr.,* for appellant.

*Howard Oliver, Jr., Solicitor,* for appellee.