60584. VALENZUELA et al. v. THE STATE.

BIRDSONG, Judge.
Appellants Eduardo and Paula Valenzuela appeal their convictions for burglary, enumerating as error below the refusal to suppress the evidence; the sufficiency of the evidence to prove defendants were in actual or constructive possession of the stolen goods; the denial of a mistrial based on the district attorney's statements in argument that defendants, who presented no evidence, had given no explanation of their recent possession of stolen goods; and the insufficiency of the evidence positively identifying the stolen goods. *Held:*

1. The trial court's refusal to suppress the evidence in this case

was not error. The evidence shows that following a series of burglaries in the community, the police had information from a reliable source that at least some items stolen in a particular burglary could be found at a certain house. The officers knew who owned, or rented, the house; they went to the location intending to inquire about a certain antique clock and other items and to stake out the premises and keep them under surveillance if they were unsuccessful in gaining consent or grounds to search. Appellant Eduardo Valenzuela met the officers at the door. They told him they had heard he had an antique clock and some silver for sale, and when he answered that he did not, the officer asked Valenzuela whether he minded if they looked around. He then advised them it would "be alright" if they did so. The officers went into the house and back to the kitchen, where they saw on the floor two pillowcases seemingly stuffed with silver and other bulky items (pillowcases had been among some of the items stolen). The officers immediately emptied the pillowcases, which did contain numerous items, including silver, guns, jewelry and rings, which were consistent with the type items stolen in recent burglaries and some of which the officer believed belonged to at least one of the burglary victims. At this point the officers arrested appellant Eduardo Valenzuela. Thereafter the police proceeded to make a thorough search of the entire house; they found in the closet of a basement bedroom two ski-suits, and found certain liquor bottles in the kitchen, the theft of which items, the appellants were convicted in this case.

Appellants contend the evidence should be suppressed because the officers requested and received permission only to "look around" and did not specifically ask consent to "search"; because the officers expanded the scope of the search beyond what was permissible; and because Eduardo Valenzuela did not have the requisite authority to consent to a warrantless search since he and his wife were only visiting while his sister, the lessee, was in Florida. None of these arguments have merit. Appellant contends that asking permission to look around for an antique clock is not the same as asking to search an entire house. We will not agree that when appellant told the police officers they could "look" around the house he could not have known they would perform a search. This is not a case where the officers got specific consent to do one particular thing but instead did another or made an additional search (see, e. g., *Love v. State,* 144 Ga. App. 728 (242 SE2d 278)). The officers asked to "look" and this is what they did. After being advised they could "look," it was not unreasonable for the police to look thoroughly, and calling this a search does not inject impropriety into police actions that is not there when they merely look thoroughly. The appellant's consent to policemen to "look," must reasonably be construed to be consent to search, since it

is not reasonable to imagine that the police intended any less; nor, therefore, when the police did thoroughly search or look can it be inferred that they improperly expanded the scope of the search. Finally, we do not agree that Valenzuela did not have the requisite authority to consent to a warrantless search. This is not a case involving an "absent target" and a consenting third party. (See similarly, *Fears v. State,* 152 Ga. App. 817, 818-819 (264 SE2d 284)). In such cases, where the target and consenter have common authority over and use of the premises, the principle applies that the consenting third party has the right to permit inspection in his own right and the "target" assumes such risk (United States v. Matlock, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242); *Barrow v. State,* 235 Ga. 635, 637 (221 SE2d 416); and see *Fears,* supra); but where the "target" has a reasonable expectation of privacy in the searched premises, i. e., there is no common authority to and mutual use of the searched premises, then the "target" does not assume the risk that the other will permit a search. United States v. Block, 590 F2d 535, 539; *Fears,* supra. We have neither situation in this case. The "targets" in this case were the appellant husband and wife; it is the appellant-husband who gave consent to search. We do not see how the defendant, or "target" who himself consented to the search can object to his own authority to give consent, especially where there is no evidence that he did not have authority to do so, United States v. Matlock, supra; nor especially how he can contend that he had a legitimate expectation of privacy in the places searched (*Fears,* supra, p. 818; United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538), when he himself gave permission for the search.

2. Appellant contends there was insufficient evidence to convict, in that the state failed to prove they were in actual or constructive possession of the snowsuits. We disagree. At the trial of the case one of the officers testified that in his opinion two other women lived in the house; that one of the women had told him that the bedroom where the snowsuits were found in the closet was her bedroom; and that Eddie Valenzuela had told him that the house was his sister's and that she and the other woman were in Florida. No one testified for the defense in the case. The evidence showed that while others might have lived in the house, and there was hearsay evidence that another person occupied the bedroom where the snowsuits were found, appellants were the sole occupants of the house at the time of the search. *Tamez v. State,* 148 Ga. App. 307, 308 (251 SE2d 159); *Castleberry v. State,* 152 Ga. App. 769, 770 (264 SE2d 239). Eduardo Valenzuela told one of the officers that he and his wife and baby lived in the house; the evidence at trial does not show they were merely visiting and not co-tenants. The evidence does not affirmatively show

equal access of other persons to the house, so as to vitiate the conviction (*Gee v. State,* 121 Ga. App. 41, 42 (1) (172 SE2d 480)). It shows instead that appellants (and their baby) were the only people living there at the time of the search (*Castleberry,* supra), and for all that is known, since the burglaries occurred, as there was no evidence how long the other tenants had been in Florida. To make an affirmative showing of equal access, it is not enough to show that others might have had equal access but it must affirmatively appear that others did have equal access. It is not necessary that the state remove every possibility of the defendant's innocence, *Castleberry,* supra, p. 770, but only that the evidence be sufficient to convince the rational trier of fact of the defendant's guilt beyond a reasonable doubt. *Castleberry,* supra.

3. In their third enumeration of error, appellants contend the trial court should have granted a mistrial because of improper comments made by the district attorney. During the state's opening and closing arguments, the district attorney more than once, and over objection, pointed out that "these defendants made no explanation as to how they came into possession of this property belonging to [the victims]." Code Ann. § 27-405 provides: "The failure of a defendant to testify shall create no presumption against him, and no comment shall be made because of such failure." Such an improper comment is one where the prosecutor uses the defendant's silence to argue his guilt, see *Browning v. State,* 150 Ga. App. 481, 482 (258 SE2d 234), but where the state has made its proof and particularly where a conviction is authorized unless the defendant offers a rebuttal, it is not an improper comment to point out that the defendant has offered no explanation, because the inference drawn here comports with the law. We have specifically held that the prosecutor's reference, in arguing the law on recent possession of stolen property, to the failure of the defense to offer evidence in explanation of the defendant's recent possession, does not constitute an impermissible comment on the defendant's failure to testify. *Hutchins v. State,* 141 Ga. App. 197, 198 (232 SE2d 925); see also *Redding v. State,* 151 Ga. App. 140, 141 (259 SE2d 146); *Simmons v. State,* 149 Ga. App. 830, 833 (256 SE2d 79).

4. Finally, the defendant argues there was insufficient evidence to sustain a conviction for burglary in that the items introduced could not be positively identified as the same articles stolen from the victims' residence. We reject this contention. The snowsuits were positively identified by the victims as being their snowsuits which were stolen. The victims described the liquor stolen from their house as to particular brand, size of bottle, and amount missing from each bottle. The bottles found in appellants' house were so similar in kind

and quantity to those stolen, and the coincidence so remarkable and increasing with each similar item, as to fully authorize the verdict. *Jordan v. State,* 119 Ga. 443, 444 (46 SE 679). The evidence so fully supports the jury's determination that there is no reasonable doubt in this case that the identity of the liquor bottles was indisputably established. See *Chester v. State,* 144 Ga. App. 717 (242 SE2d 356).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 12, 1981 —
REHEARING DENIED JANUARY 29, 1981 —

*Ken Gordon,* for appellants.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.