## 75800. MOSES v. THE STATE.

(365 SE2d 868)

DEEN, Presiding Judge.

The appellant, Brett Allen Moses, was charged with trafficking in cocaine and possession of cocaine. Following the denial of Moses's motion to suppress, pursuant to a bench trial and stipulation of facts the trial court found Moses guilty of both charges. On appeal only from the trafficking conviction, Moses attacks the legality of the searches of the premises where approximately 999 grams of cocaine were seized.

The arresting GBI agent testified that on the evening of January 10, 1987, he was contacted by a GBI secretary on behalf of her neighbor's son, who wanted to speak to an agent about cocaine trafficking in the area. The neighbor's son, Mark Jones, informed the agent that Moses would frequently travel to Miami, Florida, pick up cocaine, and bring it back to the Atlanta area, distributing cocaine in various parts of Florida and Georgia on the way back. Moses was on such a trip at that time. Jones admitted to having done this himself with Moses approximately 12 times. Jones also advised the agent that Moses had previously been arrested in Miami and south Georgia on cocaine charges. Jones's apartment was leased only to Jones, and all the utilities were in his name. Moses paid no rent, did not have a key to Jones's apartment, and did not live there; however, Jones had allowed Moses to store his cocaine in a spare bedroom in the apartment.

With Jones's permission, the agent walked through Jones's apartment that night, including the spare room occasionally used by Moses. In that room, the agent found a safe, in which Moses stored money and cocaine, a heat sealer device, electronic scales, sifters, and a type of powder often used to dilute cocaine.

On January 13, 1987, after confirming that the apartment and utilities were all in Jones's name, and that Moses had in fact been

previously arrested in south Georgia on a cocaine charge (which eventually was nolle prossed), the agent obtained a warrant to search Jones's apartment. On January 14, 1987, Jones informed the agent that Moses had called and indicated that he should arrive in Atlanta that night and would need to stop by Jones's apartment. Moses's own residence at Cross Creek condominiums was placed under surveillance the following morning, and police followed Moses when he left his apartment until they lost him in traffic. Later that morning, however, Moses showed up at Jones's apartment, which had already been searched pursuant to the warrant.

Upon Moses's arrival, Jones contacted the GBI agent and reported that Moses was in the spare bedroom with the cocaine. Jones also consented to another search of his apartment at that time. The agent then entered the apartment and walked up the stairs. As he reached the top of the stairs, because the door to the spare room was open, the agent could see into the room and observed a large bag of cocaine on a coffee table. Looking in from the hallway, in addition to the cocaine on the coffee table, the agent observed Moses seated at a desk. The agent advised Moses of his rights, after which Moses stated that Jones had allowed him to use the room but had known nothing about the cocaine.

At the suppression hearing, Moses claimed that, although he had no key to Jones's apartment, he paid $200 monthly rent for the spare bedroom and actually resided there some of the time. Not only had he expected privacy in the room, he had specifically discussed such with Jones. Moses also claimed that the door to his room had been closed, and the GBI agent had opened it suddenly in conducting the search. Moses explained that he had rented the Cross Creek apartment but had not really moved in yet. *Held*:

1. Moses contends that the searches of the spare bedroom in Jones's apartment were conducted pursuant to neither a valid search warrant nor valid consent. "Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Hall v. State*, 239 Ga. 832 (238 SE2d 912) (1977). Further, a warrantless search may be justified not only by the consent of the defendant, but of any third-party who possesses common authority over or some other sufficient relationship to the premises or objects to be inspected. *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977)." *Dawson v. State*, 166 Ga. App. 199, 201 (303 SE2d 532) (1983). In the instant case, the evidence supported a finding that Jones was authorized to consent to the search of the spare room in his own apartment that he allowed Moses to use. The trial court's determinations on such questions of fact and credibility must be accepted

since they are not clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689) (1975). We need not examine the validity of the search warrant in this case, because the search was so obviously legal, based on consent alone.

2. Moses's other enumerations of error are without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 1, 1988.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Paul L. Howard, Jr., R. Andrew Weathers*, Assistant District Attorneys, for appellee.