A89A0116. THE STATE v. STEWART et al.
(382 SE2d 677)

BEASLEY, Judge.
 The State appeals the grant of defendants' motion to suppress evidence seized in a search of rented warehouse space. Defendants Tom and Brenda Stewart were indicted for the February 9, 1985 arson of their business premises in Bogart. OCGA § 16-7-60 (a) (3). In the spring of that year Tom, who was a friend of Garnett Root, approached him about renting storage space in a mini-warehouse in Root's name. Root agreed to do so and sent an employee to the warehouse to apply for and pay rental on a space. Thereafter, Stewart gave Root the money to apply to the rental on the month-to-month lease. Stewart had the padlock and key to the space; Root had no means of ingress and never saw the inside or its contents.
 In April 1986, having learned about the arson investigation, Root became suspicious that items from the fire might be stored in the space and concerned about his role as a renter. On the sixteenth he went to the GBI with his theory. Root and agents of the GBI went to the mini-warehouse where, after Agent Sosebee checked the rental agreement upon which Root's name appeared as lessee, Root's consent to search the storage space was obtained and entrance was gained by cutting the padlock. Items reported as destroyed in the fire of the Stewarts' business were found inside.
 The Stewarts moved to suppress the seized evidence and the trial court agreed that the search was illegal because Root's consent was ineffective. The question is: does the person who is the lessee of premises under the terms of a lease have sufficient control of the premises so that he can consent to a search even though he did not retain a method of access?
 Suppression was based upon the facts that Root had no control over the storage area and could not consent to the search "in his own right"; that the Stewarts had an expectation of privacy in the space; and that they had not "assumed the risk" that Root would consent,

because Tom had retained sole possession of the key to the padlock he had installed. The State contends that Root did not lack authority to consent to the search and the Stewarts did not have an expectation of privacy in the storage space.

This appeal rests upon U. S. Constitutional protections. *United States v. Matlock*, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974), held: "when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." "Common authority" as defined in a footnote "is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id. at 171, fn. 7.

Root was named as lessee on the rental agreement. While this represents an interest in the leasehold, it does not establish either "mutual use of the property" or "joint access or control." Root had never been to the warehouse space prior to the search, although he paid rent at the rental office, and he did not have a key to access the space. He would have had to obtain Stewart's permission, as well as the key, to enter the space. Thus his third-party consent lacked "common authority" and was not predicated on the requisite control of the area. As in *State v. Oliver*, 183 Ga. App. 92, 93 (357 SE2d 889) (1987), Root did not have mutual use of the property and the fact that the officers believed in good faith that he had authority to consent did not make their warrantless search and seizure lawful. Without exigent circumstances, they could not bypass the Constitutional safeguard of obtaining a warrant. *Browning v. State*, 176 Ga. App. 420, 423 (1) (336 SE2d 41) (1985).

The cases on which the State relies in which searches were permitted involve universally one who has the key to the premises or other access due to the parties' relationship or other right to ingress, egress, occupancy or control. See, e.g., *United States v. Matlock*, supra; *United States v. Botsch*, 364 F2d 542 (2nd Cir. 1966); *United States v. Curcio*, __ FSupp. __ (E.D. Pa. 1988). Compare *United States v. Wyler*, 502 FSupp. 959 (S.D. N.Y. 1980), in which the federal court found the consent of a mortgagor of the premises was invalid as to lessees where the mortgagor had no automatic contractual

right to re-enter. *Chapman v. United States,* 365 U. S. 610 (81 SC 776, 5 LE2d 828) (1961), held that a landlord could not validly consent to the search of his rented house.

Insofar as the State might argue abandonment through non-payment of rent, see *Smith v. State,* 186 Ga. App. 303, 308 (3) (367 SE2d 573) (1988), this did not obviate the need for a search warrant. On April 16 when the search took place, the rent for the month was overdue but that had occurred in the past since Root did not pay the rent until he was given the money by Tom. On the advice of the searching officers, Root obtained the money from the Stewarts within a few days. The lease agreement provided that the lessor could secure the area when the rent was 60 days overdue but could not enter until after 90 days had expired. The proof did not demand a finding of abandonment.

Because Root was without the necessary authority and control of the area searched, the *Matlock* test was not met and the suppression of the evidence was not error.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 16, 1989 —
REHEARING DENIED JUNE 2, 1989 — 

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellant.
*Bradley S. Wolfe, Russell T. Quarterman,* for appellees.