## A89A0116. THE STATE v. STEWART et al.
### (398 SE2d 270)

BEASLEY, Judge.

This court affirmed the grant of defendants' motion to suppress evidence seized in a search. *State v. Stewart*, 191 Ga. App. 750 (382 SE2d 677) (1989). Motion for rehearing and certiorari were denied. Our remittitur was sent to the trial court and filed there in October. The United States Supreme Court granted the State's subsequent application for certiorari and entered a judgment on June 25, 1990, remanding the cause to this court "for further consideration in light of *Illinois v. Rodriguez*, 497 U. S. __ (110 SC 2793, 111 LE2d 148) (1990)."

During this time no stay was granted by any court. Consequently, this court's jurisdiction terminated when its judgment was transmitted to, and received by, the trial court. *Byrd v. Clark*, 170 Ga. 912 (154 SE 881) (1930); *Seaboard Air-Line R. v. Jones*, 119 Ga. 907 (47 SE 320) (1904); *Knox v. State*, 113 Ga. 929, 930 (39 SE 330) (1901). The Supreme Court's order did not revive it. This court can make no further order having the effect of altering or changing the judgment it pronounced. *Slappy v. Ga. Power Co.*, 109 Ga. App. 850, 856 (137 SE2d 537) (1964); *Cooper v. Portner Brewing Co.*, 113 Ga. 1, 2 (38 SE 347) (1901). The State's failure to procure a stay precludes further judgment by this court. *Curry v. Construction &c. Union*, 219 Ga. 38 (131 SE2d 559) (1963). The mandate of the United States Supreme Court must be transmitted in certified copy form to the trial court in order that the direction given by the former may be effected in the latter. Id. at 39.

*Case remanded. Carley, C. J., concurs. McMurray, P. J., concurs specially.*

MCMURRAY, Presiding Judge, concurring specially.

I concur specially to note that the Court of Appeals of Georgia possesses the inherent power to recall its remittiturs, especially, under the particular facts and circumstances of the case sub judice. However, I am constrained to agree with the majority's procedural implementation of the mandate of the Supreme Court of the United States only because a similar procedure was mandated by the Supreme Court of Georgia in *Curry v. Construction &c. Union*, 219 Ga. 38 (131 SE2d 559) (1963), cited by the majority.

DECIDED OCTOBER 15, 1990.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellant.

*Scott & Quarterman, Russell T. Quarterman, Bradley S. Wolff,*

for appellees.