A92A0043. THE STATE v. STEWART et al.
(418 SE2d 110)

SOGNIER, Chief Judge.

Tom and Brenda Stewart were indicted for the arson of their business premises. The trial court granted their motion to suppress evidence seized during a warrantless search of a mini-warehouse, and this court affirmed that decision in *State v. Stewart*, 191 Ga. App. 750 (382 SE2d 677) (1989). The United States Supreme Court vacated this court's judgment and remanded the case for further consideration in light of *Illinois v. Rodriguez*, 497 U. S. 177 (110 SC 2793, 111 LE2d 148) (1990). *Georgia v. Stewart*, 497 U. S. ___ (110 SC 3232, 111 LE2d 744) (1990). Upon remand, *State v. Stewart*, 197 Ga. App. 269 (398 SE2d 270) (1990), the trial court again granted the motion to suppress, and the State appeals from that ruling.

As discussed more fully in *State v. Stewart*, 191 Ga. App. at 750, the warehouse search at issue was conducted pursuant to the consent of Garnett Root, who had rented the warehouse for appellee Tom Stewart at Stewart's request but who had no key or other means of access to the warehouse, had never been inside the warehouse or seen its contents, and who paid the rent with funds provided by Stewart. After being contacted by Root, who had begun to suspect that items purportedly destroyed in the fire might instead be stored in the warehouse, the GBI agents who conducted the search gained access to the warehouse by cutting the padlock. This court upheld the trial court's ruling that Root did not have common authority over or other sufficient relationship to the premises to consent to the search. Id. at 751-752 (citing *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974)).

In *Illinois v. Rodriguez*, supra, the Supreme Court held that a warrantless search based on consent that would not satisfy the *Mat-*

*lock* test could nonetheless be upheld if the law enforcement officer conducting the search *reasonably* (albeit erroneously) believed the consent given was valid. 111 LE2d at 160. Resolution of this issue requires a determination by the factfinder, applying an objective standard, that the "facts available to the officer at the [time of the search would] warrant [one] of reasonable caution in the belief that the consenting party had authority over the premises. [Cit.]" (Punctuation omitted.) Id. at 161. When the trial court in the case sub judice applied this standard upon remand, it found that the agents could not reasonably have believed that Root had authority over the premises.

We agree and affirm. As the trial court recognized, Root did not purport to possess any authority over the premises, but instead informed the agents that he had no key or other means of access and that he had never been inside the warehouse or seen its contents. Indeed, the fact that the agents had to cut the padlock to enter the warehouse belies any claim that they reasonably believed Root had authority to enter it. Compare *State v. Oliver*, 183 Ga. App. 92, 93 (357 SE2d 889) (1987) (landlord who did not have mutual use of the property and was not a co-inhabitant did not have authority to consent to search of tenant's residence) with *Moses v. State*, 185 Ga. App. 705 (365 SE2d 868) (1988) (apartment resident who allowed defendant, who paid no rent and had no key to apartment, to use a spare room in apartment had authority to consent to search of defendant's room). The agents could not reasonably have relied on the fact that Root's name was on the lease application, for the *Matlock* Court held that the authority which justifies third-party consent rests not upon the law of property but upon "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *Matlock*, supra at 171, n. 7; see *Oliver*, supra at 92-93.

The State argues that under the authority of *United States v. Diggs*, 544 F2d 116 (3rd Cir. 1976), and *United States v. Botsch*, 364 F2d 542 (2nd Cir. 1966) (decided prior to *Matlock*, supra), the agents reasonably could have believed that Root was authorized to consent to the search in order to clear himself of any suspicion cast upon him as a result of his connection to appellees. Even assuming, without deciding, that this principle would be followed in Georgia, these cases are distinguishable because in each the person who consented to the search had either possession of or a key to the property searched. To apply the notion that Root could consent to the search because he possessed a right "to exculpate himself promptly and voluntarily by disclosing the property and explaining his connection with it," *Diggs*,

supra at 120-121, that somehow prevailed over appellees' Fourth Amendment right to be free from unreasonable searches and seizures even when Root had *no* access to or control of the property would eviscerate the Fourth Amendment. This we refuse to do.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1992.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellant.

*Scott & Quarterman, Russell T. Quarterman, Donald T. Wells, Jr.,* for appellees.