## S94A0188. SMITH v. THE STATE.
### (441 SE2d 241)

FLETCHER, Justice.

John Smith was found guilty of felony murder and sentenced to life in prison.[1] He appeals and we affirm.

1. The evidence showed that on the night of the murder there was a fight at the Paradise Inn Club in Camden County. The victim, who was not involved in the fight, removed his cousin from the center of the controversy and, as the two began to walk away, a shot was fired striking the victim in the chest. An eyewitness acquainted with both the victim and Smith told police that he saw Smith pull a gun from the front of his pants and shoot the victim. He also informed police that Smith was wearing grey jeans, a dark New York Yankees long-sleeved jacket and a floppy hat.

After obtaining Smith's name and description from the eyewitness, police went to the home of Smith's mother where Smith was then residing. The officers told Mrs. Smith that they believed her son had been involved in a shooting and asked and received her permission to search the house, including the room where Smith kept his belongings. There, the officers discovered the grey jeans, New York Yankees jacket and hat described by the eyewitness and a .25 caliber semi-automatic handgun. It was later determined that the bullet taken from the victim's body was fired from the handgun found in Smith's room.

On this evidence, Smith argues that insufficient evidence existed by which the jury could find him guilty of felony murder. Reviewing this evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Smith guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During trial, Smith moved to exclude the evidence discovered by officers in the search of his mother's home. Smith argues that his mother did not have authority to consent to the search of the room in which he kept his belongings because the room was designated as his room and none of his mother's belongings were stored in the room.

A warrantless search of a residence may be authorized by the consent of any person who possesses common authority over or other sufficient relationship to the premises to be searched. *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v.*

---

[1] The crime occurred on September 21, 1991. Smith was indicted in April 1992 for malice murder, felony murder and aggravated assault. On March 19, 1993, a jury found him guilty of felony murder with aggravated assault as the underlying felony and he was sentenced to life imprisonment. He filed a notice of appeal to the Court of Appeals the same day and an amended notice of appeal to this court on March 29, 1993. The appeal was docketed on November 5, 1993 and submitted for decision on briefs on January 28, 1994.

*State*, 239 Ga. 422 (238 SE2d 12) (1977). "Common authority" is defined as:

> mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Matlock*, supra at 171, n. 7.

Here, the evidence supported the court's finding that Mrs. Smith was authorized to consent to the search of the room used by Smith. An officer present before and during the search testified that Mrs. Smith told her that Smith slept on the couch in the common area of the home but kept his belongings in the spare room, the door to which was standing open and unlocked prior to the search. There was no evidence that Smith paid rent to his mother for the exclusive use of the spare room or that he had exclusive domain over the room. That Smith's mother did not also store her belongings in the room does not render her consent invalid. Rather, her joint access and unhindered control over the room authorized the trial court to conclude that she had common authority over the room searched by the officers and a sufficient relationship to the premises to consent to the search. See *Tolbert v. State*, 224 Ga. 291 (161 SE2d 279) (1968); *Moses v. State*, 185 Ga. App. 705 (365 SE2d 868) (1988). Accordingly, the trial court did not err in admitting into evidence the clothing and handgun discovered during the search or photographs taken of this evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 1994.

*Clyde M. Urquhart*, for appellant.

*W. Glenn Thomas, Jr.*, District Attorney, *Keith Higgins*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Rachelle L. Strausner*, Staff Attorney, for appellee.