## S04G0674. THE STATE v. RANDOLPH.
### (604 SE2d 835)

BENHAM, Justice.

The Court of Appeals granted an interlocutory appeal to review the trial court's denial of defendant Scott Fitz Randolph's motion to suppress evidence seized from his home in a warrantless search conducted by law enforcement officers pursuant to permission given by Randolph's wife in Randolph's presence after Randolph had refused to give the officers permission to search. The Court of Appeals determined the motion to suppress should have been granted. *Randolph v. State*, 264 Ga. App. 396 (1) (590 SE2d 834) (2003). We granted the State's petition for a writ of certiorari to decide whether an occupant may give valid consent to search common areas of a premises shared by another occupant who is present and objects to the search. Inasmuch as we are faced with a situation in which two persons have equal use and control of the premises to be searched, we conclude the consent to conduct a warrantless search of a residence given by one occupant is not valid in the face of the refusal of another occupant who is physically present at the scene to permit a warrantless search. Accordingly, we affirm the judgment of the Court of Appeals.

> The Fourth Amendment [to the U. S. Constitution] generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects. [Cits.] The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, [cit.], or from a third party who possesses common authority over the premises, see *United States v. Matlock*, [415 U. S. 164,] 171 [(94 SC 988, 39 LE2d 242) (1974)].

*Illinois v. Rodriguez*, 497 U. S. 177, 181 (110 SC 2793, 111 LE2d 148) (1990). In *United States v. Matlock*, supra, 415 U. S. at 170, the U. S. Supreme Court noted a clear indication in case law that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared." Both this Court and the Court of Appeals of Georgia have rejected legal challenges to warrantless searches conducted with the consent of a person who shared with the defendant common control and authority over the area searched. See, e.g., *Presnell v. State*, 274 Ga. 246 (8) (551 SE2d 723) (2001); *Smith v. State*, 264 Ga. 87 (2) (441 SE2d 241) (1994); *Walsh v. State*, 236 Ga. App. 558 (2) (512 SE2d 408) (1999); *Valenzuela v. State*, 157 Ga. App. 247 (1) (277 SE2d 56) (1981). The basis for the decisions in these cases

was the recognition that "any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *United States v. Matlock*, supra, 415 U. S. at 171, n. 7.

In neither *Matlock* nor any of the Georgia cases cited above, however, were law enforcement officers faced with the physical presence of joint occupants, with one consenting to the search and the other objecting.[1] While one co-inhabitant may have assumed the risk that a second co-inhabitant will consent to a search of common areas in the absence of the first co-inhabitant (*United States v. Matlock*, supra, 415 U. S. at 170), the risk assumed by joint occupancy goes no further — the risk "is merely an inability to control access to the premises during one's absence." 3 LaFave, Search and Seizure, § 8.3 (d), p. 731 (3rd ed. 1996). See also *In the Matter of the Welfare of D. A. G.*, 484 NW2d 787, 789 (Minn. 1992). While a co-inhabitant has authority to consent to a search of joint premises, "a present, objecting party should not have his constitutional rights ignored [due to a] property interest shared with another." *Silva v. State*, 344 S2d 559, 562 (Fla. 1977). We agree with the Supreme Court of Washington, which concluded in *State v. Leach*, 113 Wn.2d 735, 744 (782 P2d 1035, 1040) (Wash. 1989):

> Where the police have obtained consent to search from an individual possessing, at best, equal control over the premises, that consent remains valid against a cohabitant, who also possesses equal control, only while the cohabitant is absent. However, should the cohabitant be present and able to object, the police must also obtain the cohabitant's consent. Any other rule exalts expediency over an individual's Fourth Amendment guaranties.

Accordingly, we affirm the judgment of the Court of Appeals which reversed the trial court's denial of Randolph's motion to suppress.

*Judgment affirmed. All the Justices concur, except Hunstein, Carley and Hines, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

We granted certiorari in this case in order to address the admissibility of evidence seized during a warrantless search where a person with shared authority to grant consent to search does so despite the

---

[1] A noted commentator has observed that such a case has rarely reached the appellate courts. 3 LaFave, Search and Seizure, § 8.3 (d), p. 730 (3rd ed. 1996).

objection of the subject of the search. Ignoring the nearly uniform interpretation of *United States v. Matlock*, 415 U. S. 164 (II) (94 SC 988, 39 LE2d 242) (1974),[2] that the third-party consent rule applies even when a present subject of the search objects, the majority has chosen to follow a ruling that expresses the minority view on this issue.[3] Because I believe the rule announced in *State v. Leach*, 782 P2d 1035 (Wash. 1989), that any co-occupant's opposition to the search can vitiate the express consent of another co-occupant with common authority over the premises, represents an unjustified break with Georgia case law, I must dissent.

The majority acknowledges that consent is a well-recognized exception to the warrant requirement of the Fourth Amendment, see *Illinois v. Rodriguez*, 497 U. S. 177 (II) (110 SC 2793, 111 LE2d 148) (1990), and that a warrantless search without probable cause does not violate the Fourth Amendment if the authorities have obtained the voluntary consent of a person authorized to grant such consent. See *United States v. Matlock*, supra; *United States v. Elliott*, 50 F3d 180 (II) (2d Cir. 1995). It also acknowledges that Georgia has long relied on the *Matlock* rule by correctly stating that our courts have consistently "rejected legal challenges to warrantless searches conducted with the consent of a person who shared with the defendant common control and authority over the area searched." Majority p. 614. Nevertheless, even though the facts of this case clearly establish the authority of Randolph's wife to consent to a search of their shared home and bedroom and that Randolph as the joint occupant of the home assumed the risk that his wife would expose their common private areas to such a search, the majority ignores the approach sanctioned by numerous federal and state courts and unpersuasively cites to only a few cases and a general treatise on criminal law to conclude that a challenge to a search is not fully resolved by proof of effective consent when *any* co-occupant is present and protests. In my opinion the majority's claim of unconstitutionality of the search based on express refusal is not more viable than a

---

[2] See, e.g., *United States v. Shelton*, 337 F3d 529 (5th Cir. 2003); *United States v. Aghedo*, 159 F3d 308 (II) (A) (7th Cir. 1998) (co-occupant's access and control of room gives defendant reduced expectation of privacy in premises or shared items); *United States v. Canada*, 527 F2d 1374, 1379 (9th Cir. 1976); *United States v. Morning*, 64 F3d 531 (9th Cir. 1995) (valid consent of person with common authority justifies search although co-occupant physically present and objects); *Lenz v. Winburn*, 51 F3d 1540, 1548 (11th Cir. 1995) (*Matlock* third-party consent rule "applies even when a present subject of the search objects"); *United States v. Donlin*, 982 F2d 31 (I) (1st Cir. 1992) (third-party consent remains valid even when defendant specifically objects); *United States v. McAlpine*, 919 F2d 1461 (10th Cir. 1990); *United States v. Bethea*, 598 F2d 331, 335 (4th Cir. 1979) (by sharing common area defendant assumed risk co-occupant might consent to search even when he, himself, was present).

[3] See *State v. Leach*, 782 P2d 1035 (Wash. 1989); *Silva v. State*, 344 S2d 559 (Fla. 1977).

claim based on lack of express consent. Under *Matlock* the co-occupant that expressly refuses to give consent to search does not enjoy a greater expectation of privacy because in sharing the property the co-occupant assumed the risk that another would consent to a search. *United States v. Sumlin*, 567 F2d 684, 687-688 (6th Cir. 1977).

I would not hold the express refusal of one co-occupant to be paramount. Instead, I would embrace the principles recognized in *Matlock* to look not to the defendant's presence or absence but to whether or not he assumed the risk that the third party who possessed common authority over the premises would permit inspection in his own right. In my view, Randolph assumed the risk that because of his diminished expectation of privacy he had in the home he shared with his wife, she would "expos[e] their common private area[ ] to such a search," *United States v. Sumlin*, supra, and that his opposition to the presence of police in his home would not override his wife's consent. I would conclude that even though Randolph was present and objected, once Randolph's wife gave valid consent to the search of the home she shared with Randolph, that was sufficient to authorize the search. Accordingly, I would reverse the Court of Appeals and affirm the decision of the trial court on this evidentiary issue.

I am authorized to state that Justice Carley and Justice Hines join in this dissent.

DECIDED NOVEMBER 8, 2004.

*Cecilia M. Cooper, District Attorney, Richard E. Thomas, Assistant District Attorney*, for appellant.
*Collier & Gamble, Wilbur T. Gamble III*, for appellee.