## FORD *v.* THE STATE.

No. 15901.   SEPTEMBER 5, 1947.

*James W. Smith, J. W. Kieve,* and *H. G. Rawls,* for plaintiff in error.

*Eugene Cook, Attorney-General, Maston O'Neal, Solicitor-General, Sam Brown Lippitt,* and *John Sammons Bell, Assistant Attorney-General,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The evidence authorized the verdict.

■ In his amended motion the accused contends that the court erred in refusing to permit counsel to propound to the prospective jurors, in addition to the voir dire questions set forth in the Code, § 59-806, the following question: "Were you acquainted with the deceased, Bailey?" Counsel stated at the time that he sought the information to use it in the determination of the twenty challenges allowed the defendant, and not as grounds for the disqualification of jurors. It is contended that the ruling was contrary to law and harmful to the defendant, because: (a) the defendant, being a negro and accused of killing a white man, was entitled to the information sought; (b) his counsel had just recently been appointed by the court to represent him and had no opportunity to make any investigation concerning the jury; and (c) the ruling was in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States, in that it was a denial to the defendant of due process of law and the equal protection of the law.

Where a juror is put upon his voir dire and the questions as contained in the Code, § 59-806, are propounded and answered, no additional examination may be had as a matter of right, unless the juror is challenged and put upon the court as a trior, though the trial judge may in his discretion allow additional questions. *Herndon* v. *State,* 178 *Ga.* 832 (2) (174 S. E. 597), and citations. Accordingly, the court did not err in refusing to permit the additional question. Nor did it deprive the accused of due process of law or equal protection of the law. "When a citizen is accorded a trial in a court of justice according to the modes of procedure applicable to all cases of a similar kind, it can not be said that he has been denied 'due process of law.' " *Arthur* v. *State,* 146 *Ga.* 827 (1) (92 S. E. 637) ; *Herndon* v. *State,* supra; *Hicks* v. *State,* 196 *Ga.* 671 (3) (27 S. E. 2d, 307). Neither was he deprived of equal protection of the law, as it is only in cases where laws are applied differently to different persons under the same or similar circumstances that equal protection of the law is denied. *Baugh* v. *LaGrange,* 161 *Ga.* 80 (2a) (130 S. E. 69), and citations.

■ Under three grounds of the amended motion, error is alleged in the failure of the court to give certain requests to charge; each being predicated upon the idea that, if the homicide was caused by the accidental, inadvertent, or unintentional discharge of the gun, then the accused would not be guilty of murder.

Assuming that the requests to charge were correct statements of the law, they were not applicable to the instant case. Under the evidence produced by the State and also in the defendant's statement, it is clear and undisputed that at the time the gun was discharged the accused was in the act of using it in attempting to commit the crime of robbery upon the deceased. Even though the gun was defective and would shoot only by pulling the hammer back and releasing it, yet where the accused had the gun pointed at the deceased with the hammer held back in an attempt to commit the offense of robbery, and the gun was discharged unintentionally or accidentally on account of the accused being shot in the leg, the homicide would be murder and not an accident or involuntary manslaughter.

Under the Code, § 26-404, the defense of accidental homicide is not applicable where the undisputed evidence and the defend-

ant's statement show that there was evil design, intention, or culpable neglect. *Pool* v. *State,* 87 *Ga.* 526 (5) (13 S. E. 556); *Griffin* v. *State,* 183 *Ga.* 775, 783 (190 S. E. 2). Nor would the offense of involuntary manslaughter under the Code, § 26-1009, be involved where the killing "shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary." Here it is admitted that the homicide was committed in the prosecution of an assault with intent to rob as defined in the Code, § 26-1405, which is a crime punishable, under § 26-1406, by confinement in the penitentiary.

Where, as in the instant case, it is shown by the evidence, and admitted in the defendant's statement, that the homicide occurred by the discharge of a gun held by the accused and used in an attempt to rob the deceased, even if the discharge of the gun was unintentional, the offense is murder; and in no view of such facts does it involve homicide by accident, or involuntary manslaughter. Accordingly, the court properly declined to give the requested charges. *Epps* v. *State,* 19 *Ga.* 102.(5); *Parker* v. *State,* 197 *Ga.* 340 (7) (29 S. E. 2d, 61).

■ Applying the ruling made in the third division of this opinion, the written statement made by the accused was a confession and not a mere incriminatory admission, and the court did not err in charging the law on confessions.

■ In accordance with the ruling in the third division of this opinion, the court did not err in failing to charge the law of involuntary manslaughter as contained in the Code, § 26-1009.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*