40339, 40340. STYNCHCOMBE v. FLOYD; and vice versa.

SMITH, Justice.

Gary Michael Floyd was tried and convicted of the offense of murder and sentenced to death. On direct appeal we affirmed this conviction and sentence. *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974) cert. denied, 431 U. S. 949 (1977). Floyd petitioned for writ of habeas corpus in July 1981 on numerous grounds and moved for a judgment on the pleadings which was ruled on in July 1983. The Superior Court of Fulton County found that the trial court's charge to the sentencing phase jury failed to directly or indirectly advise the jury that they had the option of recommending a life sentence despite the presence of aggravating circumstances and that the charge was violative of rights guaranteed by the 8th and 14th Amendments to the Constitution of the United States (Code Ann. §§ 1-808 and 1-815 et seq.), and Art. I, Sec. I, Par. IX of the Georgia Constitution of 1945 (Code Ann. § 2-109). The habeas court found no merit in a complaint that the charge on mitigation was insufficient. Questions regarding jury voir dire (which was not reported) and all other grounds set forth in the petition, were adjudged waived by failure to make timely objection or to have been raised on direct appeal. Stynchcombe, Sheriff of Fulton County, appeals, contending that it was error to find (1) that the jury charge was inadequate, and (2) that any objection to the sentencing instruction had not been waived. Floyd cross appeals, contending in his only enumeration that the habeas court erred in ruling that all grounds of the habeas petition, save one, had been waived at trial and on direct appeal. We affirm as to Stynchcombe's appeal from the granted writ and reverse and remand as to Floyd's cross appeal.

### Case 40339

The trial court charged on aggravating circumstances and alternative verdicts as follows: "If you find that one or more of the

foregoing aggravating circumstances existed beyond a reasonable doubt, then you would be authorized to consider imposing a sentence of death. If you do not find one or more of the aggravating circumstances existed beyond a reasonable doubt, then you would not be authorized to consider the penalty of death. In that event, the sentence should be imprisonment for life . . . Now ladies and gentlemen, the form of your verdict fixing punishment on each of these two counts should read as follows: 'We, the jury fix the punishment of the defendant at death.' That is if you find death is the appropriate punishment under the statute I have just read, or, 'We the jury fix the punishment of the defendant at life imprisonment.'" Unlike the trial court's charge examined in *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978), this charge failed to include language explaining to the jury that they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance. See *Fleming v. State,* 240 Ga. 142 (7) (240 SE2d 37) (1977). We agree that it was error to fail to provide such an instruction.

At the conclusion of his charge and after the jury retired to deliberate, the judge asked: "Gentlemen, do either of you note any errors or objection to that portion of the charge just given?" Attorneys for both the state and for Floyd replied that they had none.

In *Rivers v. State,* 250 Ga. 303 (298 SE2d 1) (1982), we addressed a related issue, and said that "[t]he general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. Code Ann. § 70-207 (a) [OCGA § 5-5-24 (a)]. If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. [Cits.] Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge." Id. at 309.

Appellant cites *Rivers* in support of his contention that failure to object at trial resulted in a procedural default barring our review. We disagree. *Rivers* deals with a charge occurring in the guilt-innocence phase of a death trial, not the sentencing phase as is the case here. We have never held that review of a sentencing phase instruction, such as the one here, which fails to explain that a life sentence may be recommended even in the presence of statutory aggravating circumstances, will be foregone because of a failure to object. We have instead reserved the power in death cases only to test sentencing phase jury charges on habeas corpus review regardless of whether objection was made in the trial court. See *Berryhill v. Ricketts,* 242 Ga. 477 (4) (249 SE2d 197) (1978); *Stephens v. Hopper,*

241 Ga. 596 (3) (247 SE2d 92) (1978). "[I]n a death case the sentencing charge is so crucial to the outcome of the trial that we will exercise our power to review those charges when the issue is placed before us on habeas, whether objection was made in the trial court or not." *Stephens v. Hopper* at 602. Failure to object to a sentencing phase jury charge in a death penalty case where the jury was not informed that a life sentence could be recommended in spite of the presence of aggravating circumstances does not preclude review of that charge on habeas corpus.

### Case 40340

Floyd's amended habeas corpus petition asserted numerous grounds for relief, based in part on the constitutions of both the United States and Georgia. In his cross-appeal his sole enumeration is a general contention that the habeas corpus court erred in ruling that all grounds of the habeas petition except for the jury instruction issue reviewed in case 40339 (supra), those adjudged to be of no merit, and certain others retained for future disposition, had been waived by virtue of not having been raised at trial or on direct appeal. Floyd does not contend, and we do not find, that timely objection or enumeration of error was made as to any of the remaining grounds asserted in the habeas petition. However, the trial court's order and the record fail to show that the federal or state constitutional rights asserted by Floyd to have been violated were waived under the standard set out in OCGA § 9-14-42 (b)[1] (Code Ann. § 50-127), and our decision reviewing the scope of that waiver statute, *McDuffie v. Jones,* 248 Ga. 544 (283 SE2d 601) (1981). See also *Parrish v. Hopper,* 238 Ga. 468 (233 SE2d 161) (1977). Therefore we reverse that portion of the order of the habeas court denying the cross-appellant's motion for judgment on the pleadings and remand for further proceedings not inconsistent with this opinion.

*Judgment affirmed in Case No. 40339. Judgment reversed in part in Case No. 40340. All the Justices concur, except Weltner, J., who dissents in Case No. 40339.*

DECIDED FEBRUARY 9, 1984.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant*

---

[1] Ga. L. 1982, p. 786, §§ 1, 3 amended OCGA § 9-14-42 (Code Ann. § 50-127), but is inapplicable to habeas corpus petitions filed, as was the present one, prior to January 1, 1983. See Ga. L. 1982, p. 786, § 5.

*District Attorney, Michael J. Bowers, Attorney General,* for appellant.

*Horne & Maloy, W. Bruce Maloy,* for appellee.