### 41259. PARKER v. ABERNATHY.
(324 SE2d 191)

BELL, Justice.

This is an appeal of an order of the Superior Court of Bibb County, granting appellee Grady Abernathy's complaint for a writ of habeas corpus.

In April 1982 the Murray County grand jury returned an indictment against appellee which, inter alia, accused him of violating the Georgia Controlled Substances Act, OCGA Ch. 16-13, Art. 2, by possessing a quantity of lysergic acid diethylamide with intent to distribute, OCGA §§ 16-13-25 (3) (I), 16-13-30. In October 1982 appellee pled guilty to that charge. At the sentencing hearing his attorney

pointed out that Abernathy had a history of mental illness, and asked the court to sentence Abernathy to probation conditioned upon treatment of his illness, rather than imprisonment. Instead, the court accepted the plea; found, without a request by Abernathy, that he was guilty but mentally ill under OCGA § 17-7-131; and sentenced him to a six-year term of imprisonment. In May 1983 appellee filed suit for a writ of habeas corpus in Bibb County, alleging several grounds upon which the writ should be granted. In April 1984, after trying the complaint, the court entered an order vacating appellee's sentence, based solely on the court's own conclusion that OCGA § 17-7-131 requires that the defendant affirmatively plead that he is guilty but mentally ill before he may be sentenced on that ground. Since Abernathy did not tender that specific plea, the habeas court held that Abernathy's sentence was erroneous.

Pretermitting consideration of whether the habeas court correctly interpreted OCGA § 17-7-131, we find that issue does not fall within the scope of our habeas corpus act, OCGA Ch. 9-14, Art. 2, and we therefore reverse. The habeas court's conclusion was predicated entirely upon its interpretation of the statutory requirements of OCGA § 17-7-131. OCGA § 9-14-42 (a) formerly provided that a substantial denial of a federal or state constitutional right, or of a right under the laws of this state, could be raised pursuant to our state habeas corpus act. See *McDuffie v. Jones*, 248 Ga. 544 (1) (283 SE2d 601) (1981). This Code section was amended by Ga. L. 1982, p. 786, § 3, which deleted the provision for raising denials of rights under the laws of this state. OCGA § 9-14-42 (a) now reads, "[a]ny person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under [OCGA Chapter 9-14, Article 2]."

Under the revised version of OCGA § 9-14-42 (a), the question of whether the requirements of OCGA § 17-7-131 were violated is not cognizable in a habeas action, and, accordingly, the habeas court erred in granting the writ based on its construction of those requirements.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 7, 1985.

*Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellant.

Grady Abernathy, *pro se.*