#### 41566. VALENZUELA v. NEWSOME.
(325 SE2d 370)

WELTNER, Justice.

Valenzuela was convicted of burglary and sentenced to ten years in prison. His conviction was affirmed by the Court of Appeals in *Valenzuela v. State*, 157 Ga. App. 247 (277 SE2d 56) (1981). Thereafter he initiated habeas corpus proceedings in which he maintained *inter alia* that the state did not present evidence sufficient to authorize a rational trier of fact to find guilt beyond a reasonable doubt.

The habeas corpus court held a hearing, reviewed the transcript of the trial evidence, and by order denied relief, a portion of which is as follows:

"Relying upon *Bankston v. State*, 251 Ga. 730; Crosby v. Jones 682 F.2d 1373 (11th Cir. 1982) and other cases, Valenzuela contends that the only evidence supporting the conviction is the evidence of his recent, unexplained possession and that such evidence does not establish the offense beyond a reasonable doubt and is therefore insufficient to support the conviction under Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). A motion for directed verdict raising this claim was timely made and overruled at trial. This court finds that the recent, unexplained possession of some of the stolen items was the only evidence to support the conviction. On the other hand, the court further finds that there was no explanation given by the petitioner to explain his recent possession of the stolen items.

"Based upon the record of evidence, this court finds and believes that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). . . ."

Having weighed the evidence and found it wanting, the habeas corpus court continued: "Even though the court finds that the evidence is insufficient to support a conviction of burglary, the court is bound to follow the case of *Littles v. Balkcom*, 245 Ga. 285 [264 SE2d 219] (1980), which holds that 'Georgia law requires claims as to the sufficiency of evidence to be raised on direct appeal, such a claim may not be raised in a state habeas corpus proceeding.' The claim of the general insufficiency of the evidence was not raised on the direct appeal and the court concludes that it cannot be raised now."

We granted a certificate of probable cause for review.

1. In *Littles v. Balkcom*, supra, we held that claims as to the sufficiency of the evidence must be presented on direct appeal, and cannot be raised initially in habeas corpus proceedings. Valenzuela

presented on appeal certain claims which related to the sufficiency of evidence to prove possession of certain property, and to the sufficiency of the identification of property taken during the burglary. These were resolved adversely. 157 Ga. App., supra at 249, 250. The broader question of constitutional sufficiency under Jackson v. Virginia, supra, is not addressed in the Court of Appeals' opinion.

Stated otherwise, there was ample complaint as to the breadth of permissible inference to be drawn from the evidence at trial; there was no attack upon the adequacy of the evidence in constitutional terms.

2. It may be of value to consider our habeas corpus statute, OCGA § 9-14-42 et seq., both in its present form and as it existed prior to the 1982 amendment, Ga. L. 1982, p. 786 et seq.

Previously, the scope of habeas corpus review was this: "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state or under the laws of this state may institute a proceeding under this article." OCGA § 9-14-42 (a). Subparagraph (b) of the old Code section set out the circumstances under which such a substantial denial would be considered waived for failure to make contemporaneous objection, which we may paraphrase as equating a knowing, intelligent relinquishment of a right to a waiver of that right.

The old statute was criticized by Chief Justice Jordan in a concurring opinion to *McDuffie v. Jones*, 248 Ga. 544 (283 SE2d 601) (1981): "The majority opinion points up a serious defect in our Habeas Corpus statute. An applicant for the Writ of Habeas Corpus should be required to allege violation of the Federal and or State Constitution. A simple violation of a state statute should not be relitigated in a habeas proceeding, as set forth and treated in Divisions 2 and 3 of the opinion.

"The General Assembly should take steps to amend our Habeas Corpus statute so that it allows relief only for a substantial denial of a Federal or State constitutional right.

"The statute should also be amended to eliminate the waiver requirements of the statute, which as written exceed the waiver requirements of present federal constitutional law." 248 Ga. at 551.

The final paragraph of the concurring opinion refers, we think, to the departure by the United States Supreme Court from its widely criticized holding in Fay v. Noia, 372 U. S. 391 (83 SC 822, 9 LE2d 837) (1963), as chronicled in Wainwright v. Sykes, 433 U. S. 72 (97 SC 2497, 53 LE2d 594) (1977). Summarizing the two holdings, Fay preserved a right to review on habeas corpus independent of contemporaneous objection unless there had been a "deliberate by-pass" of the

trial court; under Wainwright, by contrast, failure to make timely objection ordinarily will result in waiver, unless good cause be shown for such failure and unless actual prejudice shall have ensued.

It is interesting (and gratifying) that the General Assembly implemented both of Chief Justice Jordan's suggestions in amending OCGA § 9-14-42. See Ga. L. 1982, p. 786 et seq. Now, under the 1982 amendment, habeas corpus is available to review constitutional deprivations only, and the old "knowing, intelligent relinquishment" standard for waiver has been supplanted by a "cause" and "prejudice" requirement consistent with Wainwright v. Sykes, supra, and other authorities discussed below.

3. OCGA § 9-14-48 (d) provides: "The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal"; Valenzuela has not complied with Georgia procedural rules on appeal inasmuch as he failed to present his constitutional insufficiency of evidence claim on appeal, as the procedural rule in *Littles v. Balkcom*, supra, requires.

But the failure to comply with a valid procedural rule does not, in every case, preclude consideration by the habeas corpus court of claimed deficiencies at trial. The statute provides, immediately following the material we have quoted: "and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted." OCGA § 9-14-48 (d).

The concept of "cause" and "prejudice" is discussed in the majority opinion of Francis v. Henderson, 425 U. S. 536, 542 (96 SC 1708, 48 LE2d 149) (1976): "In a collateral attack upon a conviction that rule requires . . . not only a showing of 'cause' for the defendant's failure to challenge the composition of the grand jury before trial, but also a showing of actual prejudice."

Francis extended to state convictions the "cause" and "prejudice" requirement applied to federal habeas corpus proceedings in Davis v. United States, 411 U. S. 233 (93 SC 1577, 36 LE2d 216) (1973). "The presumption of prejudice which supports the existence of the right is not inconsistent with a holding that actual prejudice must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner." 411 U. S. at 245.

See Wainwright v. Sikes, supra, as to the desirability of this requirement. "We believe the adoption of the Francis rule in this situation will have the salutary effect of making the state trial on the merits the 'main event,' so to speak, rather than a 'tryout on the road' for what will later be the determinative federal habeas hearing . . . If a criminal defendant thinks that an action of the state trial court is about to deprive him of a federal constitutional right there is every reason for his following state procedure in making known his objec-

tion." 433 U. S. at 90. See also id. at 89.

For Georgia cases treating the concept of "cause" and "prejudice," — all of which preceded the 1982 amendment to the habeas corpus statute — see *McDuffie v. Jones*, 248 Ga., supra; *Young v. Ricketts*, 242 Ga. 559 (250 SE2d 404) (1978); *Parrish v. Hopper*, 238 Ga. 468 (233 SE2d 161) (1977).

4. But our inquiry is not yet concluded. Wainwright v. Sikes, supra, observed: "The 'cause'-and-'prejudice' exception of the Francis rule will afford an adequate guarantee, we think, that the rule will not prevent a federal habeas court from adjudicating for the first time the federal constitutional claim of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." 433 U. S. at 90, 91. In precisely the same vein, our habeas corpus statute provides: "In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice." OCGA § 9-14-48 (d).

Thus the full rule may be stated in this manner: a failure to make timely objection to an alleged error or deficiency ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid state procedural bar will not preclude a habeas corpus court from considering alleged errors or deficiencies if there shall be a showing of adequate cause for failure to object *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice.

We hazard here no definitive limits to the term "miscarriage of justice." That must await case-by-case development, and will depend largely upon the sound discretion of the trial judge. However, the term is by no means to be deemed synonymous with procedural irregularity, or even with reversible error. To the contrary, it demands a much greater substance, approaching perhaps the imprisonment of one who, not only is *not* guilty of the specific offense for which he is convicted, but, further, is not even culpable in the circumstances under inquiry. (A plain example is a case of mistaken identity.)

This last is a valuable, if seldom used, recourse. Too much of our limited judicial resources are consumed in looking for real or imagined errors in the convictions of people who are plainly guilty, and it is important that we insist upon timely objection, or in its absence, a showing of cause *and* prejudice.

But we must not become so engrossed in the searching out of procedural faults which sometimes intrude in convicting the guilty that we forget the core purpose of the writ — which is to free the innocent wrongfully deprived of their liberty. Hence, on rare occasion, the writ must pass over procedural bars and the requirements of cause and prejudice, when that shall be necessary to avoid a miscarriage of justice.

4. Because application of the rule of *Littles v. Balkcom*, supra, does not exhaust the scope of appropriate inquiry on habeas corpus, the case is remanded for further proceedings consistent with this opinion.

*Case remanded. All the Justices concur.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 19, 1985.

*West & Cook, David A. Cook,* for appellant.
*Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.

HILL, Chief Justice, concurring.

I concur in the court's opinion and write separately to point out two facets of the 1982 amendment to our habeas corpus act which forms the basis of the court's decision. Ga. L. 1982, p. 786.

First, although the 1982 amendment was signed by the Governor and became effective on April 13, 1982, it was inapplicable to any habeas petition filed prior to January 1, 1983. Ga. L. 1982 at pp. 788-789. Valenzuela's conviction was affirmed by the Court of Appeals in January 1981. *Valenzuela v. State*, 157 Ga. App. 247 (277 SE2d 56), cert. denied, 454 U. S. 963 (1981). The habeas corpus act then in effect did not contain the contemporaneous objection, cause and prejudice requirements imposed by the 1982 amendment. However, Valenzuela could have sought habeas corpus before January 1, 1983, under the old law. His habeas petition, filed in March 1984, is subject to the 1982 amendment.

Second, although Georgia permits defendants in criminal cases to reserve their objections to jury instructions and enumerate them as error on appeal, see *DeVoe v. State*, 249 Ga. 499 (292 SE2d 72) (1982), and cases cited, compare *Rivers v. State*, 250 Ga. 303 (7) (298 SE2d 1) (1982), we should not permit defendants in criminal cases to reserve their objections to jury instructions and assert them as error in habeas corpus. That is to say, in my view, the cause and prejudice requirement with its miscarriage of justice exception should apply to alleged errors in jury instructions in habeas corpus cases. See *Stynchcombe v. Floyd*, 252 Ga. 113, 115, fn. 1 (311 SE2d 828) (1984).