### 42035. MOORE v. KEMP.
(328 SE2d 725)

CLARKE, Justice.

Moore's application to appeal from the denial of a writ of habeas corpus was granted to consider whether the charge to the jury was defective under our holding in *Stynchcombe v. Floyd*, 252 Ga. 113 (311 SE2d 828) (1984), that the charge must clearly inform the jury that it is authorized to impose a sentence of life imprisonment even in the presence of statutory aggravating circumstances which would justify a sentence of death. The charge in this case was very similar to the charge in *Floyd*, supra.

The principles reiterated in *Floyd*, supra, were first enunciated by this court in *Fleming v. State*, 240 Ga. 142 (240 SE2d 37) (1977), prior to Moore's first petition for habeas corpus, which was filed in 1979. The charge in his trial was measured against the standard set in *Fleming* and approved. The habeas court denied the petition for the writ. An application to appeal to this court was denied and a petition for certiorari was denied by the United States Supreme Court in *Moore v. Zant*, 446 U. S. 947 (100 SC 2176, 64 LE2d 803) (1980).

Moore was convicted of murder and rape and sentenced to death. His conviction and sentence were affirmed by this court in *Moore v. State*, 240 Ga. 807 (243 SE2d 1) (1978). The United States Supreme Court denied certiorari in 439 U. S. 903 (99 SC 268, 58 LE2d 249) (1978). As noted above, Moore's first petition for state habeas corpus was filed in 1979. In 1981 Moore filed habeas petitions simultaneously in the state and federal systems. The state habeas was denied, and

the application to appeal denied by this court. The federal district court denied the federal habeas, and a three-judge panel affirmed. *Moore v. Zant*, 722 F2d 640 (11th Cir. 1984). The full Eleventh Circuit, expressing concern about *Floyd*, ordered Moore to present to the state habeas court the question whether the charge met the standard enunciated in *Floyd*.

Moore argues that our holding in *Floyd* extended greater protection to the prisoner than our holding in *Fleming v. State*. He asserts that *Floyd* enunciated new law which constitutes grounds for a second habeas corpus proceeding which would not be barred as being successive. He further argues that even if *Floyd* was not new law, he is entitled to habeas corpus relief in order to avoid a miscarriage of justice. OCGA § 9-14-48 (d).

*Fleming v. State*, supra, still represents the standard against which a charge must be measured and Moore's charge was measured against that standard. *Floyd* does not represent a departure from this standard and is not new law. Furthermore, we are not persuaded by the miscarriage of justice argument. In *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985), we held the term "miscarriage of justice" is not synonomous with procedural irregularity or even reversible error. The claim of Moore in this instance does not rise to the level of miscarriage of justice. In view of this, and because Moore's first habeas corpus application was reviewed and denied taking into account the *Fleming* principle of law, a subsequent habeas proceeding is successive, and the trial court was correct in dismissing it. OCGA § 9-14-51.

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Gregory, J., who dissent.*

DECIDED APRIL 24, 1985.

*Robert E. Morin, Stephen B. Bright, Carla J. Friend,* for appellant.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.