## 43649. GUNTER v. HICKMAN et al.
### (348 SE2d 644)

MARSHALL, Chief Justice.

Appellant, Gail Gunter, and her husband, Tommy Gunter, were convicted of the murder of Tommy's ex-wife, Betty Parsons. Their convictions, as well as sentences of life imprisonment, were affirmed on direct appeal in *Gunter v. State,* 243 Ga. 651 (256 SE2d 341) (1979).

In 1981, the appellant instituted habeas corpus proceedings in the Baldwin Superior Court. That habeas petition was dismissed due to the appellant's refusal to present evidence in support thereof. In

1982, we denied a certificate of probable cause to appeal. In 1985, the appellant filed a second habeas petition, but in the Fulton Superior Court rather than the Baldwin Superior Court. The Fulton Superior Court dismissed the petition as being successive, see OCGA § 9-14-51, and we again denied a certificate of probable cause to appeal. Subsequently in 1985, the appellant filed the present petition for writ of habeas corpus in Fulton Superior Court. This petition was also dismissed as being successive. However, we granted a certificate of probable cause to appeal, for the purposes of determining: (1) whether the superior court erred in dismissing the appellant's claim that under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence is constitutionally insufficient to support the conviction; and (2) whether, under *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985), the appellant's claims for relief concerning the sufficiency of the evidence, as well as the trial court's refusal to grant her motion for trial severance, should not have been dismissed.

1. The appellant's argument that the evidence is insufficient to support her conviction under *Jackson v. Virginia*, supra, is premised on the assertion that there is insufficient corroboration of accomplice testimony. This issue was actually litigated, i.e., raised and decided, in the appellant's direct appeal. 243 Ga. at pp. 654-656. For this reason, the issue cannot be reasserted in habeas corpus proceedings. See *Hammock v. Zant*, 243 Ga. 259 (253 SE2d 727) (1979) and cits.

2. In *Valenzuela v. Newsome*, supra, we recognized that in 1982, our habeas corpus statute, OCGA § 9-14-48 (d), was amended to provide that noncompliance with Georgia procedural rules at trial and on appeal bars the grant of habeas relief absent a showing of "cause" and "actual prejudice." However, § 9-14-48 (d) further provides, "In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice."

In *Valenzuela*, supra, we held that "the term ["miscarriage of justice"] is by no means to be deemed synonymous with procedural irregularity, or even with reversible error. To the contrary, it demands a much greater substance, approaching perhaps the imprisonment of one who, not only is *not* guilty of the specific offense for which he is convicted, but, further, is not even culpable in the circumstances under inquiry. . . ." (Emphasis in original.) 253 Ga. at p. 796.

3. OCGA § 9-14-51 provides, "All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived, unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

4. This case presents the question of whether a claim for habeas relief, which has been waived under § 9-14-51 by reason of the petitioner's failure to raise it in the original habeas proceeding, can be raised in a subsequent habeas proceeding if the grant of relief on this claim is necessary, under § 9-14-48 (d), to "avoid a miscarriage of justice."

5. Assuming, without deciding, that a "miscarriage of justice" claim is cognizable in a successive habeas petition, we hold that the denial of the motion for trial severance does not rise to the level of a claimed "miscarriage of justice."

As to the appellant's evidentiary claim, as previously stated, this claim is not cognizable here, because it was, in effect, raised and decided in the appellant's direct appeal.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

GREGORY, Justice, concurring.

I concur in the majority opinion and write to point out an additional reason to affirm the lower court as to the issue presented in Division 1 of the majority opinion. It is not argued that the testimony of Gunter's accomplice is insufficient to support her conviction. Rather, the contention made is that there is a lack of corroboration of the testimony of the accomplice. Corroboration of the testimony of an accomplice is a statutory requirement, not a constitutional right. OCGA § 24-4-8. The current Georgia habeas corpus statute provides relief for substantial denial of rights under the federal or state constitutions. OCGA § 9- 14-42 (a). Violation of a state law no longer constitutes a basis for habeas corpus relief. *Parker v. Abernathy*, 253 Ga. 673 (324 SE2d 191) (1985). Thus there is no constitutional nor habeas corpus ground for relief where the contention is the absence of corroboration of the testimony of an accomplice.

DECIDED OCTOBER 8, 1986.

*Steven Harrell*, for appellant.

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellees.

*David A. Cook*, amicus curiae.