45893. DAVIS v. WILLIAMS.
(372 SE2d 228)

MARSHALL, Chief Justice.

Benjamin C. Davis was convicted of financial-credit-card theft, forgery, and aggravated assault. His conviction was affirmed on direct appeal. *Davis v. State,* 184 Ga. App. 230 (361 SE2d 229) (1987). He appeals the denial of his petition for habeas corpus. We affirm.

The following facts were proven at the trial, as summarized by the Court of Appeals. The appellant was observed by K-Mart personnel as he selected five men's shirts, placed them on a counter, and then exited the store. Shortly thereafter, his co-defendant, Joann Davis, entered the store. She picked up the shirts, proceeded to a checkout counter, and presented a charge card belonging to a Pamela Cornwell. Ms. Cornwell had recently lost her wallet. Mrs. Davis signed the charge slip in Ms. Cornwell's name. Security personnel then confronted Mrs. Davis. At this point, the appellant reentered the store and approached Mrs. Davis and the security officers. An argument ensued. Jeffrey Wright, who had been called to the front of the store by a "Code Blue" security alert, approached the appellant from behind. He saw that the appellant was brandishing a knife. The appellant warned the security officer to stay back or he would cut her. He turned to Wright and said: "That includes you . . . ." Wright and the other security personnel then backed off and the appellant ran out of the store and fled on foot.

1. Grounds 1 and 2 of the pro se habeas petition alleged that the state failed to prove each and every element of financial-transaction-card theft and forgery in the first degree, as charged in the indictment.

Davis' appellate counsel challenged on direct appeal the sufficiency of the evidence to support the aggravated-assault count of the indictment, but did not challenge the sufficiency of the evidence to support the counts alleging financial-credit-card theft and forgery in the first degree.

The rule now [following *Valenzuela v. Newsome,* 253 Ga. 793 (325 SE2d 370) (1985)] may be stated as follows: a failure to

make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid procedural bar will not preclude a habeas corpus court from considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or to pursue on appeal *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights.

*Black v. Hardin*, 255 Ga. 239 (4) (336 SE2d 754) (1985).

Hence, under *Valenzuela* and *Black*, supra, Davis' potential challenges to the sufficiency of the evidence to support the remaining two counts of the indictment were procedurally defaulted. Davis did not present any evidence to the habeas court of "cause" or "prejudice," or to indicate that there had been a substantial denial of constitutional rights. The only evidence presented to the habeas court was the testimony of Davis' attorney that he considered this claim to be meritless, and therefore he chose not to raise it. This strategic decision by the attorney is well within the attorney's province to make. *Jones v. Barnes*, 463 U. S. 745, 751-54 (103 SC 3308, 77 LE2d 987) (1983). Nor has Davis demonstrated that a miscarriage of justice occurred in this case, as the evidence presented to the habeas corpus court would support the jury's finding that Davis was guilty of the offenses in question, as he was a party to these crimes. OCGA § 16-2-20; *Harrell v. State*, 253 Ga. 474 (1) (321 SE2d 739) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The habeas court did not err in denying relief based on the allegations that trial counsel was ineffective for failing to move for a directed verdict of acquittal in relation to the offenses of financial-transaction-card theft and forgery in the first degree, and that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence in relation to these convictions on direct appeal. It appears from counsel's testimony that these were tactical decisions, which were supported at the appellate level by his determination that he should concentrate upon the aggravated-assault conviction with its accompanying 20-year sentence, and at the trial level by his belief that the evidence at trial would permit the jury to infer that Davis was in fact a party to the crimes in question and that a motion for a directed verdict of acquittal properly would have been denied. See *Jones v. Barnes*, 463 U. S. 745, supra, 751-54; *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985) and cit. Moreover, his tactical decisions have been vindicated by this Court's holding herein that the

evidence supported the verdict as to both of the heretofore unreviewed convictions.

3. The remaining issues raised in the habeas petition were actually litigated, i.e., raised and decided, in the appellant's direct appeal, and cannot be reasserted in habeas corpus proceedings. *Gunter v. Hickman*, 256 Ga. 315 (1) (348 SE2d 644) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1988.

Benjamin C. Davis, *pro se.*

Michael J. Bowers, *Attorney General*, Dennis R. Dunn, *Assistant Attorney General*, for appellee.