S91A0933. GAVIN v. VASQUEZ.
(407 SE2d 756)

CLARKE, Chief Justice.

This is an appeal from an order granting writ of habeas corpus. The habeas court granted the writ to "avoid a miscarriage of justice." We reverse.

Nancy Vasquez, her boyfriend, her son and her mother were all in a car going through Georgia to Florida. When police stopped the car, an officer saw the boyfriend hide something under the passenger seat. That something turned out to be a purse filled with cocaine. At trial, Vasquez contended that the cocaine belonged to her boyfriend. She contended that she did not know that the cocaine was in the car. Vasquez and her boyfriend both testified at trial, each saying that the cocaine belonged to the other. Vasquez was convicted of trafficking in cocaine and was sentenced to serve ten years in prison. She retained new counsel for appeal. The conviction was affirmed by the Court of Appeals in an unpublished opinion.

In her petition for habeas corpus, she contended that a jury instruction was unconstitutionally burden-shifting. She admitted that the error was procedurally defaulted, but argued that the writ should be granted to avoid a miscarriage of justice. The habeas trial court agreed and granted the writ.

Vasquez concedes that her claim for relief is procedurally barred pursuant to OCGA § 9-14-48 (d) unless it fits within the "miscarriage of justice" exception to the rule. In *Valenzuela v. Newsome*, 253 Ga. 793 (325 SE2d 370) (1985), this court stated:

> We hazard here no definitive limits to the term "miscarriage of justice." That must await case-by-case development, and will depend largely upon the sound discretion of the trial judge. However, the term is by no means to be deemed synonymous with procedural irregularity, or even with reversible error. To the contrary, it demands a much greater substance, approaching perhaps the imprisonment of one who, not only is *not* guilty of the specific offense for which he is convicted, but, further, is not even culpable in the circumstances under inquiry.

Id. at 796. In this case, the error complained of is a jury instruction that Vasquez asserts is unconstitutionally burden-shifting. Prior to instructing the jury on the "two general types of evidence," the trial court said:

> Now, Ladies and Gentlemen, of course, in order to establish their contentions in the case the parties must introduce evidence, and both of them have introduced evidence in this case.

Taken alone, this charge gives the incorrect impression that the defendant has some responsibility to present evidence. However, after reviewing the charge as a whole, we conclude that the jury was well instructed on the state's burden of proving guilt beyond a reasonable doubt. The trial court instructed the jury as follows:

> The defendant enters upon the trial of the case with a presumption of innocence in her favor and this presumption surrounds her and protects her until it is overcome by the State with evidence which is sufficient to convince you beyond a reasonable doubt as to her guilt.
> No person shall be convicted of any crime unless and until every element of the alleged offense is proven beyond a reasonable doubt and to a moral and reasonable certainty. The object of all legal investigation is, of course, the discovery of the truth, and the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.
> There is no burden of proof whatsoever upon the de-

fendant, and the burden never shifts to the defendant to prove her innocence.

In light of this instruction, it appears very unlikely that the jury misunderstood the state's burden of proof.

The evidence presented at Vasquez's trial was sufficient to convict her for trafficking in cocaine. We are persuaded that the jury instruction she complains of did not affect the verdict. Instead, it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). There is no miscarriage of justice here that supports granting the writ of habeas corpus.

*Judgment reversed. All the Justices concur, except Smith, P. J., and Bell, J., who concur in the judgment only.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991.

*Michael J. Bowers, Attorney General, Mary H. Hines,* for appellant.

*Lane, Tucker & Crowe, Robert L. Crowe,* for appellee.