## S94H0333. HOGAN v. TOMPKINS.
### (441 SE2d 746)
### ORDER.

Upon consideration of this Application for Probable Cause to Appeal the denial of habeas corpus, it is ordered that it is hereby denied.

*All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

The majority has denied Willie James Hogan's application for a certificate of probable cause to appeal the superior court's denial of his petition for a writ of habeas corpus. Petitioner Hogan contends he was denied effective assistance of appellate counsel because of counsel's failure to contact him regarding his desire to assert ineffective assistance of trial counsel in his motion for new trial and the appeal from his December 1990 conviction for armed robbery. Because the issue was not asserted by Hogan's new counsel in the motion for new trial, Hogan is now procedurally barred from raising that issue. See *Thompson v. State*, 257 Ga. 386 (2) (359 SE2d 664) (1987).

At the habeas hearing, Hogan's appellate counsel, Shephard, testified that he conferred with trial counsel and read the trial transcript at least twice and that he specifically reviewed the transcript to make

sure trial counsel was effective. However, he also testified that he did not speak with Hogan before filing the motion for new trial and the appeal, and it is uncontroverted that he did not forward a copy of the motion for new trial he filed on behalf of Hogan to his client. Shephard stated that "unfortunately I was remiss on many occasions in maintaining contact with clients like I should have. . . . Yes, there were many occasions, including [Hogan's], in which I probably didn't maintain contact with the clients as well as I should have." Shephard explained his behavior by noting that convicts are usually "shipped out into the system" before the trial transcript has been prepared. Other than one letter Hogan mentioned he received from appellate counsel, there is no indication in the record that Shephard wrote or otherwise communicated with his client.

Hogan, in explaining this particular ground for his habeas petition, stated to the court that "if Mr. Shephard had of contacted me and talked to me before he filed that motion for an appeal I could have told him what went on in my trial and he would have known before he filed a motion for appeal. He filed a motion for appeal, sir, not even knowing what I had to say or what went wrong in my trial. If he had of I could have shown him these things and he could have brought these issues up before the Court of Appeals, sir."

This Court, in addressing the level of communication between client and *trial* counsel in *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360) (1993), turned to the ABA Standards for Criminal Justice (2nd ed. 1980) for guidance and agreed with the stress placed by the commentary to ABA Standard 4-5.2 on the importance of full consultation between accuseds and trial counsel. A review of the ABA Standards for Criminal Justice (1981), Criminal Appeals, Standard 21-3.2 Counsel on appeal, reveals the emphasis placed upon the need for communication between *appellate* counsel and client, in that appellate counsel is urged to "give a client his or her best professional evaluation of the questions that might be presented on appeal," to "advise [the client] on the probable outcome of a challenge to the conviction or sentence," and to "endeavor to persuade the client to abandon a wholly frivolous appeal or to eliminate contentions lacking in substance."

There is no question that appellate counsel is not obligated to raise every frivolous contention a client wants to assert on appeal. *Jones v. Barnes*, 463 U. S. 745 (103 SC 3308, 77 LE2d 987) (1983); *Davis v. Williams*, 258 Ga. 552 (372 SE2d 228) (1988). However, there is no question that unless appellate counsel *communicates* with his client, whether in person- or by mail or other fashion, counsel cannot know the validity or frivolity of the issues his client would like to see raised on appeal.

The superior court in the instant case found it "lamentable and

unsettling to petitioner" that Shephard did not consult with Hogan prior to deciding what issues to pursue on appeal. I think it is unsettling to the entire appellate process that an attorney in this state, for whatever reason, failed to consult with his client before making critically important decisions about the client's appeal and lamentable that this Court does not take this opportunity to denounce such behavior. Because the decision regarding the grounds to be raised on motion for new trial and on appeal is no less crucial to a client than the decision whether to pursue an "all or nothing" defense at trial, I would have our courts scrutinize the effect of appellate counsel's failure to consult with a client with the same rigorousness this Court applied to trial counsel in *Van Alstine*, supra at 4, in those cases where ineffective assistance of counsel is asserted.

It may very well be that had Shephard talked to Hogan in this case, there would be no question that counsel would not have been obligated to assert Hogan's claim that he had received ineffective assistance of trial counsel. Moreover, it does not automatically follow that appellate counsel's failure to consult with his or her client in every case constitutes ineffective assistance of counsel as a matter of law. Rather, "our inquiry must focus on 'what is the consequence when that practice has not been followed.' " Id. Because I would grant Hogan's application for a certificate of probable cause to appeal the superior court's denial of his petition for a writ of habeas corpus in order to review the consequences of appellate counsel's failure to follow the crucial practice of communicating with his client and to detail for the benefit of the Bar the conduct our profession requires of appellate counsel in this respect, I must respectfully dissent.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED APRIL 15, 1994.

Willie James Hogan, *pro se.*

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.