## S00A1898. THE STATE v. COLACK.
### (541 SE2d 374)

PER CURIAM.

The judgment of the court below is affirmed without opinion pursuant to Supreme Court Rule 59.

*All the Justices concur, except Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

In this case, Petitioner is a resident alien who sought habeas corpus relief because, prior to pleading guilty to a charge of theft by shoplifting in 1994, he was not expressly advised that deportation was a possible consequence of his plea. The habeas court granted the petition, and the majority affirms that order pursuant to this Court's Rule 59. Because I conclude that the habeas court erred, I dissent.

The exclusive applicable habeas procedure is that specified by OCGA § 9-14-40 et seq. OCGA § 9-14-41. Thus, it was incumbent upon the habeas court to find a denial of state or federal constitutional rights before granting the writ. OCGA § 9-14-42 (a); *Parker v. Abernathy*, 253 Ga. 673 (324 SE2d 191) (1985). Therefore, the grant of habeas relief in this case depends entirely upon whether, prior to entry of a guilty plea, a resident alien has the *constitutional* right to be informed that, by pleading guilty, he becomes subject to the possibility of deportation.

There is no constitutional requirement that a defendant be advised of certain "collateral consequences" of his guilty plea. *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999) (parole eligibility). The effect of the plea on a defendant's immigration status is such a collateral consequence. A resident alien's guilty plea is not "rendered involuntary because he was unaware that he might be deported. [Cits.]" *United States v. Santelises*, 509 F2d 703, 704 (2d Cir. 1975). The only source of such a requirement is the statutory provisions of OCGA § 17-7-93 (c). Since the mandate that a defendant be so informed is not constitutionally based, it is not a valid ground for the grant of habeas relief. *Parker v. Abernathy*, supra. Moreover, OCGA § 17-7-93 (c) is not applicable in any event, because the General Assembly expressly limited its provisions to pleas accepted on or after July 1, 2000. "Statutes that only govern the procedure of the courts are given retroactive effect *absent an expressed intention to the contrary*. [Cit.]" (Emphasis supplied.) *Barner v. State*, 263 Ga. 365, 367 (4) (434 SE2d 484) (1993). Petitioner certainly cannot raise any constitutional objection to the express legislative determination to make OCGA § 17-7-93 (c) prospective only, since a criminal defendant is only guaranteed a proceeding conducted in accordance with the procedure applicable at the time of his trial. See *Ford v. State*, 202 Ga. 599, 602 (2) (44 SE2d 263) (1947). When he was tried, there was no requirement, statutory or otherwise, that he be advised that he might be deported.

The habeas court seems to have acted in the belief that it would be a miscarriage of justice were it to rule otherwise. See OCGA § 9-14-48 (d). However, the concept of "miscarriage of justice" is only a basis for excusing the defendant's procedural default, and is not an independent ground for granting habeas relief. See *Valenzuela v. Newsome*, 253 Ga. 793, 796 (4) (325 SE2d 370) (1985). A habeas court cannot grant relief to a prisoner based upon anything other than a manifest *constitutional* injustice. See *Gavin v. Vasquez*, 261 Ga. 568 (407 SE2d 756) (1991). Moreover, even assuming that a habeas court were authorized to consider statutory violations and that OCGA § 17-7-93 (c) applied retroactively, the circumstances still would not qualify for application of the miscarriage of justice exception. See *Gunter v. Hickman*, 256 Ga. 315, 316-317 (2), (5) (348 SE2d 644) (1986).

In my opinion, the majority's failure to issue a written opinion affirming the grant of habeas relief to Petitioner can only be explained by the complete absence of any precedent to support such a disposition. Indeed, controlling authority clearly establishes that the habeas court erred in holding that a resident alien has the constitutional right to be informed that his entry of a guilty plea will subject him to the additional sanction of possible deportation. By summarily affirming the erroneous grant of habeas relief in this case, the major-

ity encourages the filing of similar unauthorized petitions. Therefore, I dissent.

I am authorized to state that Justice Thompson joins this dissent.

DECIDED JANUARY 22, 2001.

*Gerald N. Blaney, Solicitor, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors,* for appellant.
*David S. Lipscomb,* for appellee.